**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's Name** | McDermott International, Inc. |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 72-0593134 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 757 North Eldridge Parkway<br>Number    Street | Number    Street |
| | P.O. Box |
| Houston, Texas 77079<br>City    State    Zip Code | City    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Harris County<br>County | Number    Street |
| | City    State    Zip Code |

5. **Debtor's website** (URL)     www.mcdermott.com

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor     McDermott International, Inc.      Case number *(if known)* _____
_____

Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | |
| | **B.** *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | **2131 (Support Activities for Mining)** |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11. *Check all that apply:* |
| |      ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that). |
| |      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| |      ☒ A plan is being filed with this petition. |
| |      ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| |      ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| |      ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | | | | | |
|---|---|---|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No | | | | |
| | ☐ Yes. | District _____ | When _____ MM/DD/YYYY | Case number | _____ |
| If more than 2 cases, attach a separate list. | | District _____ | When _____ MM/DD/YYYY | Case number | _____ |

| | | | | | |
|---|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No | | | | |
| | ☒ Yes. | Debtor **See Rider 1** | | Relationship | **Affiliate** |
| List all cases.  If more than 1, attach a separate list. | | District **Southern District of Texas** | | When | **1/21/2020** MM / DD / YYYY |
| | | Case number, if known _____ | | | |

| Debtor | McDermott International, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | | |
|---|---|---|
| Number | Street | |

| | | |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1]   The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

| Debtor | McDermott International, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

| | | | |
|---|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion | |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **1/21/2020**
                      MM/ DD / YYYY

✗     **/s/ John R. Castellano**                                    John R. Castellano
        Signature of authorized representative of debtor          Printed name

        Title     **Authorized Signatory**

**18. Signature of attorney**

✗     **/s/ Matthew D. Cavenaugh**                    Date     **1/21/2020**
        Signature of attorney for debtor                                MM/DD/YYYY

        **Matthew D. Cavenaugh**
        Printed name

        **Jackson Walker L.L.P.**
        Firm name

        **1401 McKinney Street, Suite 1900**
        Number                          Street

        **Houston**                                          **Texas**          **77010**
        City                                                         State            ZIP Code

        **(713) 752-4200**                                   **mcavenaugh@jw.com**
        Contact phone                                        Email address

        **24062656**                               **Texas**
        Bar number                                      State

Official Form 201A (12/15)

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | )   Chapter 11 |
| | ) |
| MCDERMOTT INTERNATIONAL, INC., | )   Case No. 20-_____(____) |
| | ) |
| Debtor. | ) |
| | ) |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **001-08430**

2.  The following financial data is the latest available information and refers to the debtor's condition on **September 30, 2019**

| | | | |
|---|---|---|---|
| (a) | Total assets | $ | **8,754,000,000** |
| (b) | Total debts (including debts listed in 2.c., below) | $ | **9,863,000,000** |
| (c) | Debt securities held by more than 500 holders | | **N/A** |

| | | | | | Approximate number of holders: |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |

| | | |
|---|---|---|
| (d) | Number of shares of preferred stock | **860,083**[1] |
| (e) | Number of shares of common stock | **193,081,224**[2] |

Comments, if any:   **McDermott International, Inc. does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.**

3.  Brief description of debtor's business:   **McDermott International, Inc. provides engineering, procurement, construction, and installation ("EPCI") and technology services for customers in the energy industry.  The company was founded in 1923 and is headquartered in Houston, Texas.**

4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**BlackRock, Inc. (11.7%); The Vanguard Group (10.32%); Chatterjee Management LP (10.03%); Dimensional Fund Advisors LP (5.11%)**

---

[1]   As of January 21, 2020.

[2]   As of January 21, 2020.

<table>
<tr><td><b>Fill in this information to identify the case</b>:</td></tr>
</table>

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the:<br><br>                Southern District of Texas<br>                          (State) |
| Case number *(if known)*: _____ Chapter   11 |

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of McDermott International, Inc.

| | | |
|---|---|---|
| McDermott International, Inc. | 850 Pine Street LLC | A & B Builders, Ltd. |
| Aiton & Co Limited | Arabian CBI Co Ltd. | Arabian CBI Tank Manufacturing Company Ltd. |
| Asia Pacific Supply Co. | Atlantic Contingency Constructors II, LLC | Atlantis Contractors Inc. |
| Catalytic Distillation Technologies | CB&I (US) Holdings, Limited | CB&I Brazil Holdings, Inc. |
| CB&I Canada Ltd. | CB&I Clearfield, Inc. | CB&I Cojafex B.V. |
| CB&I Connecticut, Inc. | CB&I Constructors Limited | CB&I El Dorado, Inc. |
| CB&I Energy Services, LLC | CB&I Europe B.V. | CB&I Fabrication, LLC |
| CB&I Finance Company Limited | CB&I Financial Resources LLC | CB&I Global Operations International, Pte. Ltd. |
| CB&I Global Operations US Pte. Ltd. | CB&I Global, L.L.C. | CB&I Group Inc. |
| CB&I Group UK Holdings | CB&I Holdco International, LLC | CB&I Holdco, LLC |
| CB&I Holdings (UK) Limited | CB&I Holdings B.V. | CB&I Houston 06 LLC |
| CB&I Houston 07 LLC | CB&I Houston 08 LLC | CB&I Houston 09 LLC |
| CB&I Houston 10 LLC | CB&I Houston 11 LLC | CB&I Houston 12 LLC |
| CB&I Houston 13 LLC | CB&I Houston LLC | CB&I International One, LLC |
| CB&I International, Inc. | CB&I International, LLC | CB&I Lake Charles, L.L.C. |
| CB&I Laurens, Inc. | CB&I LLC | CB&I London |
| CB&I Matamoros, S. de R. L. de C.V. | CB&I Middle East Holding, Inc. | CB&I Nederland B.V. |
| CB&I North Carolina, Inc. | CB&I Offshore Services, Inc. | CB&I Oil & Gas Europe B.V. |
| CB&I Paddington Limited | CB&I Power Company B.V. | CB&I Power International, Inc. |
| CB&I Power Limited | CB&I Power, LLC | CB&I Project Services Group, LLC |
| CB&I Rio Grande Holdings, L.L.C. | CB&I Rio Grande Valley Fabrication & Manufacturing, L.L.C. | CB&I Rusland B.V. |
| CB&I Singapore Pte. Ltd. | CB&I Storage Tank Solutions LLC | CB&I STS Delaware LLC |
| CB&I STS Holdings LLC | CB&I Tyler LLC | CB&I UK Limited |
| CB&I Walker LA, L.L.C. | CBI Americas Ltd. | CBI Company B.V. |
| CBI Company Ltd. | CBI Company Two B.V. | CBI Constructors Pty. Ltd. |
| CBI Eastern Anstalt | CBI HOLDCO TWO INC. | CBI Overseas (Far East) Inc. |
| CBI Overseas, LLC | CBI Panama, S.A. | CBI Services, LLC |
| CBI UK Cayman Acquisition Limited | CBI US Holding Company Inc. | Central Trading Company Ltd. |
| Chartering Company (Singapore) Pte. Ltd. | Chemical Research and Licensing, LLC | Chicago Bridge & Iron (Antilles) N.V. |
| Chicago Bridge & Iron Company | Chicago Bridge & Iron Company | Chicago Bridge & Iron Company (Delaware) |
| Chicago Bridge & Iron Company B.V. | Chicago Bridge de México, S.A. de C.V. | Comet II B.V. |
| Constructors International, L.L.C. | CSA Trading Company Ltd. | Eastern Marine Services, Inc. |
| EDS Equipment Company, LLC | Environmental Solutions (Cayman) Ltd. | Environmental Solutions Holding Ltd. |
| Environmental Solutions Ltd. | HBI Holdings, LLC | Highland Trading Company, Ltd. |
| Horton CBI, Limited | Howe-Baker Engineers, Ltd. | Howe-Baker Holdings, L.L.C. |
| Howe-Baker International Management, LLC | Howe-Baker International, L.L.C. | Howe-Baker Management, L.L.C. |
| Hydro Marine Services, Inc. | International Consultants, L.L.C. | J. Ray Holdings, Inc. |
| J. Ray McDermott (Aust.) Holding Pty. Limited | J. Ray McDermott (Norway), AS | J. Ray McDermott (Qingdao) Pte. Ltd. |

| | | |
|---|---|---|
| J. Ray McDermott De Mexico, S.A. De C.V. | J. Ray McDermott Far East, Inc. | J. Ray McDermott Holdings, LLC |
| J. Ray McDermott International Vessels, Ltd. | J. Ray McDermott International, Inc. | J. Ray McDermott Solutions, Inc. |
| J. Ray McDermott Technology, Inc. | J. Ray McDermott Underwater Services, Inc. | J. Ray McDermott, S.A. |
| Lealand Finance Company B.V. | Lummus Arabia Ltd Co. | Lummus Consultants International Limited |
| Lummus Consultants International LLC | Lummus Gasification Technology Licensing LLC | Lummus Technology B.V. |
| Lummus Technology Heat Transfer B.V. | Lummus Technology International LLC | Lummus Technology LLC |
| Lummus Technology Overseas LLC | Lummus Technology Services LLC | Lummus Technology Ventures LLC |
| Lutech Project Solutions B.V. | Lutech Projects B.V. | Lutech Resources B.V. |
| Lutech Resources Canada Ltd. | Lutech Resources Inc. | Lutech Resources Limited |
| Matrix Engineering, Ltd. | Matrix Management Services, LLC | McDermott (Amazon Chartering), Inc. |
| McDermott Arabia Company Limited | McDermott Asia Pacific Pte. Ltd. | McDermott Asia Pacific Sdn. Bhd. |
| McDermott Australia Pty. Ltd. | McDermott Blackbird Holdings, LLC | McDermott Caspian Contractors, Inc. |
| McDermott Cayman Ltd. | McDermott Eastern Hemisphere, Ltd. | McDermott Engineering, LLC |
| McDermott Finance L.L.C. | McDermott Gulf Operating Company, Inc. | McDermott Holdings (U.K.) Limited |
| McDermott International Investments Co., Inc. | McDermott International Management, S. de RL. | McDermott International Marine Investments N.V. |
| McDermott International Trading Co., Inc. | McDermott International Vessels, Inc. | McDermott Investments, LLC |
| McDermott Marine Construction Limited | McDermott Marine Mexico, S.A. de C.V. | McDermott Middle East, Inc. |
| McDermott Offshore Services Company, Inc. | McDermott Old JV Office, Inc. | McDermott Overseas Investment Co. N.V. |
| McDermott Overseas, Inc. | McDermott Serviços Offshore do Brasil Ltda. | McDermott Subsea Engineering, Inc. |
| McDermott Subsea, Inc. | McDermott Technology (2), B.V. | McDermott Technology (3), B.V. |
| McDermott Technology (Americas), Inc. | McDermott Technology (US), Inc. | McDermott Technology, B.V. |
| McDermott Technology, LLC | McDermott Trinidad Ltd | McDermott, Inc. |
| Netherlands Operating Company B.V. | North Atlantic Vessel, Inc. | North Ocean 105 AS |
| Novolen Technology Holdings C.V. | Nuclear Energy Holdings, L.L.C. | Oasis Supply Company, Ltd. |
| Oceanic Contractors, Inc. | Offshore Pipelines International, Ltd. | OPI Vessels, Inc. |
| Oxford Metal Supply Limited | Pike Properties II, Inc. | Pipework Engineering and Developments Limited |
| Prospect Industries (Holdings) Inc. | S C Woods, L.L.C. | Servicios de Fabricacion de Altamira, S.A. de C.V. |
| Servicios Profesionales de Altamira, S.A. de C.V. | Shaw Beneco, Inc. | Shaw Connex, Inc. |
| Shaw Dunn Limited | Shaw E & I International Ltd. | Shaw Energy Services, Inc. |
| Shaw Fabricators, Inc. | Shaw Far East Services, LLC | Shaw Group UK Limited |
| Shaw Home Louisiana, LLC | Shaw International, Inc. | Shaw International Management Services Two, Inc. |
| Shaw JV Holdings, L.L.C. | Shaw Managed Services, LLC | Shaw Management Services One, Inc. |
| Shaw NC Company, Inc. | Shaw Nuclear Energy Holdings (UK), Inc. | Shaw Overseas (Middle East) Ltd. |
| Shaw Power Delivery Systems, Inc. | Shaw Power Services Group, L.L.C. | Shaw Power Services, LLC |
| Shaw Power Technologies, Inc. | Shaw Process Fabricators, Inc. | Shaw Services, L.L.C. |
| Shaw SSS Fabricators, Inc. | Shaw Transmission & Distribution Services International, Inc. | Shaw Transmission & Distribution Services, Inc. |
| SparTEC, Inc. | TVL Lender II, Inc. | Varsy International N.V. |
| Whessoe Piping Systems Limited | | |

| Fill in this information to identify the case: |
| --- |
| Debtor name    McDermott International, Inc. |
| United States Bankruptcy Court for the:    Southern District of Texas |
| Case number *(If known)*: _____    (State) |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 1 | UMB BANK, N.A. ATTN: MARINER KEMPER, CHAIRMAN, PRESIDENT AND CHIEF EXECUTIVE OFFICER 1010 GRAND BOULEVARD KANSAS CITY MO 64106 | UMB BANK, N.A. ATTN: MARINER KEMPER, CHAIRMAN, PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE: 816-842-2222 FAX: 816-860-3689 | 10.625% Notes due 2024 | | | | $1,398,222,222 |
| 2 | GREENSILL CAPITAL UK LTD ATTN:  LEX GREENSILL, CEO; JAMES DORAN, MD ONE SOUTHAMPTON STREET COVENT GARDEN LONDON WC2R 0LR UNITED KINGDOM | GREENSILL CAPITAL UK LTD ATTN:  LEX GREENSILL, CEO; JAMES DORAN, MD PHONE: 44-20-3436-2000 EMAIL: JAMESD@GREENSILL.COM | Working Capital Financing | | | | $34,798,024 |
| 3 | H BUTTING GMBH CO KG ATTN: STEFAN FUß, PERSONNEL MANAGEMENT BUTTING GROUP GIFHORNER STRAßE 59 KNESEBECK 29379 GERMANY | H BUTTING GMBH CO KG ATTN: STEFAN FUß, PERSONNEL MANAGEMENT PHONE: 49-5834-50-0 EMAIL: ANDREA.KIEL@BUTTING.DE; STEFAN.FUSS@BUTTING.DE | Trade Payable | | | | $28,132,766 |

---

[1]    The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 4 | BOMAC CONTRACTORS LTD ATTN: RONALD W. HARRIS, VICE PRESIDENT AND CHIEF FINANCIAL OFFICER BEAUMONT OFFICE - CORPORATE OFFICE 1020 LINDBERGH DRIVE BEAUMONT, TX 77707 | BOMAC CONTRACTORS LTD ATTN: RONALD W. HARRIS, VICE PRESIDENT AND CHIEF FINANCIAL OFFICER PHONE: 409-842-2125 EMAIL: RONALD.HARRIS@BO-MAC.COM | Trade Payable | | | | $13,561,121 |
| 5 | ST CORPORATION ATTN: TAKASHI SUZUKI, PRESIDENT AND CEO 1-4-10 SHIMO-OCHIAI, SHINJUKU WARD TOKYO 161-8540 JAPAN | ST CORPORATION ATTN: TAKASHI SUZUKI, PRESIDENT AND CEO | Trade Payable | | | | $12,922,019 |
| 6 | TRINIDAD OFFSHORE FABRICATORS UNLIMITED ATTN: JAVED MOHAMMED, GENERAL MANAGER LABDICO INDUSTRIAL ESTATE, 7B ST. NEW JERSEY, BRIGHTON LA BREA TRINIDAD, WEST INDIES | TRINIDAD OFFSHORE FABRICATORS UNLIMITED ATTN: JAVED MOHAMMED, GENERAL MANAGER PHONE: 985-868-1950 EMAIL: INFO@TOFCOTT.COM | Trade Payable | | | | $12,512,334 |
| 7 | ALLSEAS MARINE CONTRACTORS SA ATTN: JOHAN VERMEER ROUTE DE PRA DE PLAN 18 CASE POSTALE 411 CHÂTEL-SAINT-DENIS 1618 SWITZERLAND | ALLSEAS MARINE CONTRACTORS SA ATTN: JOHAN VERMEER PHONE: 41-21-948-3500 FAX: 41-21-948-3599 | Trade Payable | Unliquidated Disputed | | | $12,505,016 |
| 8 | ZAKHER MARINE SAUDI CO LTD ATTN: ALI EL ALI, MANAGING DIRECTOR PLOT 103, AREA 16 ZMI YARD, ICADII MUSAFAH ABU DHABI UNITED ARAB EMIRATES | ZAKHER MARINE SAUDI CO LTD ATTN: ALI EL ALI, MANAGING DIRECTOR PHONE: 9712-5515151 | Trade Payable | | | | $11,073,177 |
| 9 | DAVID E HARVEY BUILDERS INC ATTN: KELLY M. HALL, CEO AND KEVIN ROGGE, PRESIDENT 3630 WESTCHASE HOUSTON, TX 77042 | DAVID E HARVEY BUILDERS INC ATTN: KELLY M. HALL, CEO AND KEVIN ROGGE, PRESIDENT PHONE: 713-783-8710 FAX: 713-783-5313 | Trade Payable | | | | $10,141,649 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 10 | EISENBAU KRAMER GMBH ATTN: DR. BORIS WERNIG, MANAGING DIRECTOR KARL-KRÄMER-STRASSE 12, 57223 KREUZTAL-KREDENBACH PO-BOX 40 20, 57263 HILCHENBACH KREUZTAL-KREDENBACH 57223 GERMANY | EISENBAU KRAMER GMBH ATTN: DR. BORIS WERNIG, MANAGING DIRECTOR PHONE: 49-0-27-32-588-0 FAX: 49-0-27-32-588-102 EMAIL: INFO@EBKPIPE.COM | Trade Payable | | | | $9,591,703 |
| 11 | NEXANS NORWAY AS ATTN: CHRISTOPHER GUERIN, CEO P.O.BOX 6450 ETTERSTAD OSLO N-0605 NORWAY | NEXANS NORWAY AS ATTN: CHRISTOPHER GUERIN, CEO PHONE: 47-22-88-61-00 FAX: 47-22-88-62-60 EMAIL: FIRMAPOST@NEXANS.COM; LANGHUS.RESEPSJON@NEXANS.COM; NORGE.KUNDESERVICE@NEXANS.COM; TILBUD.MARKETLINES@NEXANS.COM | Trade Payable | | | | $7,951,439 |
| 12 | SCANDINAVIAN FITTINGS AND FLANGES AS ATTN: TORE CHRISTIANSEN, CEO JACOB ASKELANDSV.5 P.O. BOX 1175 SANDNES 4391 NORWAY | SCANDINAVIAN FITTINGS AND FLANGES AS ATTN: TORE CHRISTIANSEN, CEO PHONE: 47-51-63-96-15 FAX: 47-51-63-96-01 EMAIL: TC@SFFGROUP.COM | Trade Payable | | | | $7,479,930 |
| 13 | SAMKANG MT CO LTD ATTN: MOO-SUK SONG, CEO 51-1 NAESAN 3-GIL DONGHAE-MYEON, GOSEONG-GUN GYEONGSANGAM-DO 638-842 | SAMKANG MT CO LTDATTN: MOO-SUK SONG, CEO PHONE: 82-55-673-7014 FAX: 82-55-673-7055 | Trade Payable | | | | $7,445,023 |
| 14 | JDR CABLE SYSTEMS LTD ATTN: RICHARD TURNER, CEO LITTLEPORT INNOVATION PARK 177 WISBECH ROAD LITTLEPORT, CAMBRIDGESHIRE CB6 1RA UNITED KINGDOM | JDR CABLE SYSTEMS LTD ATTN: RICHARD TURNER, CEO PHONE: 44-0-1353-860-022 FAX: 44 135-386-1388 EMAIL: RTURNER@JDRGLOBAL.COM | Trade Payable | | | | $7,095,544 |
| 15 | SSAB ATTN: HAKAN BUSKHE, CEO KLARABERGSVIADUKTEN 70 D6 PO BOX 70 STOCKHOLM 101 21 SWEDEN | SSAB ATTN: HAKAN BUSKHE, CEO PHONE: 44-0-1353-860-022 FAX: 44 135-386-1388 EMAIL: RTURNER@JDRGLOBAL.COM | Trade Payable | | | | $6,579,896 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 16 | OFFICE PAVILLION ATTN: CELINA PEREZ, KATIE KLYNG-CUNNINGHAM, MOLLIE ELLERKAMP, MONIKA PATEL, SHELLY LILES PO BOX 4346 HOUSTON, TX 77210  OFFICE PAVILLION 10030 BENT OAK DR. HOUSTON TX  77040 | OFFICE PAVILLION ATTN: CELINA PEREZ, KATIE KLYNG-CUNNINGHAM, MOLLIE ELLERKAMP, MONIKA PATEL, SHELLY LILES EMAIL: CPEREZ@OPHOUSTON.COM; KCUNNINGHAM@OPHOUSTON.COM; MELLERKAMP@OPHOUSTON.COM; MPATEL@OPHOUSTON.COM; SLILES@OPHOUSTON.COM | Trade Payable | | | | $6,478,191 |
| 17 | BRANDSAFWAY LLC ATTN: BILL HAYES, PRESIDENT AND CEO 1325 COBB INTERNATIONAL DRIVE STE. A-1 KENNESAW, GA 30152 | BRANDSAFWAY LLC ATTN: BILL HAYES, PRESIDENT AND CEO PHONE: 678-285-1400 FAX: 770-514-0285 | Trade Payable | | | | $6,207,652 |
| 18 | LARSEN TOUBRO LTD ATTN: S. N. SUBRAHMANYAN, CEO L&T HOUSE N.M. MARG, BALLARD ESTATE MUMBAI, MAHARASHTRA 400 001 INDIA | LARSEN TOUBRO LTD ATTN: S. N. SUBRAHMANYAN, CEO PHONE: 91-22-67525656 FAX: 91-22-67525893 EMAIL: IGRC@LARSENTOUBRO.COM | Trade Payable | | | | $5,578,907 |
| 19 | APACHE INDUSTRIAL SERVICES ATTN: MIKE KNIGIN, CEO 250 ASSAY STREET SUITE 500 HOUSTON, TX 77044 | APACHE INDUSTRIAL SERVICES ATTN: MIKE KNIGIN, CEO PHONE: 713-450-9307 FAX: 713-450-2447 | Trade Payable | | | | $5,482,641 |
| 20 | OCEANWIDE HOUSTON INC 11767 KATY FREEWAY SUITE 400 HOUSTON, TX 77079  OCEANWIDE HOUSTON INC ATTN: STEVE MAKIN AVENIDA TULUM, MANZANA 1, LOTE 40 Y 42 SUPERMANZANA 2 CANCUN QUINTANA ROO  77500 MEXICO | OCEANWIDE HOUSTON INC PHONE: 832-328-7001 EMAIL: INFO@OCEANWIDEAMERICA.COM STEVE@OCEANWIDEAMERICA.COM | Trade Payable | | | | $5,329,897 |
| 21 | MZJV GPX 3752 S GULFWAY DR. SABINE PASS, TX 77655 | MZJV GPX | Trade Payable | | | | $5,213,005 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 22 | TATA CONSULTANCY SERVICES LIMITED ATTN: AP CONTACT1; ANIL BISHT; PO CONTACT1; PRAKASH KASAPPA; PRAVIN MUNNALURI; RAMIT ARORA 9TH FLOOR, PLOT NO 241/242, NIRMAL BUILDING BARRISTER RAJANI PATEL MARG, NARIMAN POINT MUMBAI, MAHARASHTRA 400021 INDIA | TATA CONSULTANCY SERVICES LIMITED ATTN: AP CONTACT1; ANIL BISHT; PO CONTACT1; PRAKASH KASAPPA; PRAVIN MUNNALURI; RAMIT ARORA PHONE: 91-22-6656-8484 FAX: 91-22-6656-8494 EMAIL: ANIL.BISHT@TCS.COM; PRAKASH.K@TCS.COM; PRAVINKUMAR.M@TCS.COM; RAMIT.ARORA@TCS.COM | Trade Payable | | | | $5,175,138 |
| 23 | JUBAIL ENERGY SERVICES CO JESCO ATTN: GABRIEL ANGEL MONTI, CEO JUBAIL ENERGY SERVICES COMPANY (JESCO) P.O. BOX 10997 JUBAIL INDUSTRIAL CITY 31961 KINGDOM OF SAUDI ARABIA | JUBAIL ENERGY SERVICES CO JESCO ATTN: GABRIEL ANGEL MONTI, CEO PHONE: 966-013-350 4999 FAX: 966-13-350 4696 EMAIL: SALES@JESCO.COM.SA | Trade Payable | | | | $5,059,502 |
| 24 | SUN INDUSTRIAL GROUP LLC ATTN: JARRETT "SMILEY" SMITH 2437 WESTWOOD RD WESTLAKE, LA 70669 | SUN INDUSTRIAL GROUP LLC ATTN: JARRETT "SMILEY" SMITH PHONE: 337-436-2324 FAX: 337-419-0957 | Trade Payable | | | | $4,774,855 |
| 25 | MITSUBISHI CORPORATION ATTN: TAKEHIKO KAKIUCHI MITSUBISHI SHOJI BUILDING 3-1, MARUNOUCHI 2-CHOME, CHIYODA-KU TOKYO 100-8086 JAPAN | MITSUBISHI CORPORATION ATTN: TAKEHIKO KAKIUCHI PHONE: 81-3-3210-2121 | Trade Payable | | | | $4,517,854 |
| 26 | TECHNIP FRANCE SA ATTN: ERIC LE-GUERCH; MARCELA SANTINI; STEPHANE PRADAT 6-8 ALLEE DE L'ARCHE PARIS LA DEFENSE CEDEX 92973 FRANCE | TECHNIP FRANCE SA ATTN: ERIC LE-GUERCH; MARCELA SANTINI; STEPHANE PRADAT PHONE: 33-0-1 47 78 21 21 FAX: 33-1-47-78-33-40 EMAIL: ERIC.LE-GUERCH@TECHNIPFMC.COM; MASANTINI@TECHNIP.COM; STEPHANE.PRADAT@TECHNIPFMC.COM | Trade Payable | | | | $4,106,004 |
| 27 | DRESSER RAND INDIA PVT LTD ATTN: DUNCAN REED 382330 187 GIDC ESTATE NARODA AHMEDABAD, GJ 382330 INDIA | DRESSER RAND INDIA PVT LTD ATTN: DUNCAN REED PHONE: 91-79-22805566 EMAIL: DUNCAN.REED@SIEMENS.COM | Trade Payable | | | | $3,926,222 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 28 | HUTA HEGERFELD SAUDIA LTD ATTN: MARWAN ABI KARAM P.O BOX 1830, LOTUS BUILDING, PRINCE SULTAN STREET AL ZAHRA'A DISTRICT JEDDAH 21441 SAUDI ARABIA | HUTA HEGERFELD SAUDIA LTD ATTN: MARWAN ABI KARAM PHONE: 966-12-6623205 / 6825413 FAX: 966-12-6831838 EMAIL: ENGG@HUTA.COM.SA | Trade Payable | | | | $3,656,456 |
| 29 | TRANSHIP TRANSPORTES MARITIMOS LTDA ATTN: ALEXANDRE KRZONKALLA, ROSANGELA GOMES PRACA QUINZE DE NOVEMBRO 34 5 ANDAR CENTRO RIO DE JANEIRO 27930-070 BRAZIL TRANSHIP TRANSPORTES MARITIMOS LTDA ATTN: ALEXANDRE KRZONKALLA, ROSANGELA GOMES RUA MARIO TRILHA, 208 PARTE - ILHA DA CONCEIÇÃO NITEROI RIO DE JANEIRO 24050-190 BRAZIL | TRANSHIP TRANSPORTES MARITIMOS LTDA ATTN: ALEXANDRE KRZONKALLA, ROSANGELA GOMES PHONE: 55-21-2242-4242 FAX: 55-21-2224-1444 EMAIL: ALEXANDRE@TSTRANSHIP.COM.BR; RGOMES@TSTRANSHIP.COM.BR | Trade Payable | | | | $3,569,469 |
| 30 | JPOWER SYSTEMS SAUDI CO LTD SUMITOMO ELECTRIC INDUSTRIES, LTD. ATTN: HIKARU HOSHINO, IINO DAISUKE, REGAN PANGANIBAN, YANAGAWA HIROYUKI 4-5-33, KITAHAMA, CHUO-KU OSAKA 541-0041 JAPAN | JPOWER SYSTEMS SAUDI CO LTD SUMITOMO ELECTRIC INDUSTRIES, LTD. ATTN: HIKARU HOSHINO, IINO DAISUKE, REGAN PANGANIBAN, YANAGAWA HIROYUKI PHONE: 81-0-6-6220-4141 EMAIL: HOSHINO-HIKARU@SEI.CO.JP; IINO-DAISUKE@SEI.CO.JP; REGAN-PANGANIBAN@GR.SEI.CO.JP; YANAGAWA-HIROYUKI@SEI.CO.JP | Trade Payable | | | | $3,559,571 |
| 31 | INDUSTRIE MECCANICHE DI BAGNOLO SRL ATTN: CLAUDIA DOSSENA STRADA PAULLESE, 2 BAGNOLO CREMASCO (CR), LOMBARDY 26010 ITALY | INDUSTRIE MECCANICHE DI BAGNOLO SRL ATTN: CLAUDIA DOSSENA PHONE: 39-0373-237611 FAX: 39-0373-648550 | Trade Payable | | | | $3,394,854 |
| 32 | W INDUSTRIES OF TEXAS LLC ATTN: TOMMY LYNN 6602 PETROPARK JERSEY VILLAGE, TX 77041 W INDUSTRIES OF TEXAS LLC ATTN: MICHAEL BAIN, P.E. 11500 CHARLES ROAD HOUSTON TX 77041 | W INDUSTRIES OF TEXAS LLC ATTN: TOMMY LYNN PHONE: 281-921-3080 FAX: 713-856-9671 EMAIL: TOMMY_LYNN@W-INDUSTRIES.COM | Trade Payable | | | | $3,345,585 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 33 | DOOSAN MECATEC CO LTD ATTN: NICOLE SEO 259, JEOKHYEON-RO, SEONGSAN-GU CHANGWON 51708 SOUTH KOREA | DOOSAN MECATEC CO LTD ATTN: NICOLE SEO EMAIL: AMNESIA1@DOOSAN.COM | Trade Payable | | | | $3,324,974 |
| 34 | BAKER CONCRETE CONSTRUCTION INC ATTN: DAN BAKER, CEO 900 NORTH GARVER ROAD MONROE, OH 45050 | BAKER CONCRETE CONSTRUCTION INC ATTN: DAN BAKER, CEO PHONE: 513-539-4000 FAX: 513-539-4380 | Trade Payable | | | | $3,229,187 |
| 35 | MORRISSHEA BRIDGE COMPANY ATTN: RICHARD SHEA, CEO 609 SOUTH 20TH STREET IRONDALE, AL 35210 | MORRISSHEA BRIDGE COMPANY ATTN: RICHARD SHEA, CEO PHONE: 205-956-9518 FAX: 205-956-9579 EMAIL: INFO@MORRISSHEA.COM | Trade Payable | | | | $2,892,976 |
| 36 | WHOLESALE ELECTRIC SUPPLY CO ATTN: ANDREW PRATT, CHRISTOPHER BARNETT, WYATT ADAMS 4040 GULFFREEWAY HOUSTON TX 77004 | WHOLESALE ELECTRIC SUPPLY CO ATTN: ANDREW PRATT, CHRISTOPHER BARNETT, WYATT ADAMS PHONE: 713-748-6100 FAX: 713-749-8415 EMAIL: CBIGROUP@WHOLESALEELECTRIC.COM; CBARNETT@WHOLESALEELECTRIC.COM; WADAMS@WHOLESALEELECTRIC.COM | Trade Payable | | | | $2,839,479 |
| 37 | ORACLE AMERICA INC ATTN: CHAD PERNICIARO, JD EDMONDS, JASON MINOR, KARTHEEK TEJA, KEVIN FIDLER, LAURA LEE MARSIGLIO, LUCIA RADU, MICHELE LUKIC P.O. BOX 203448 DALLAS, TX 75320  ORACLE AMERICA INC ATTN: CHAD PERNICIARO, JD EDMONDS, JASON MINOR, KARTHEEK TEJA, KEVIN FIDLER, LAURA LEE MARSIGLIO, LUCIA RADU, MICHELE LUKIC 500 ORACLE PARKWAY REDWOOD SHORES CA 94065 | ORACLE AMERICA INC ATTN: CHAD PERNICIARO, JD EDMONDS, JASON MINOR, KARTHEEK TEJA, KEVIN FIDLER, LAURA LEE MARSIGLIO, LUCIA RADU, MICHELE LUKIC PHONE: 650-506-7000 FAX: 650-506-7370 EMAIL: CHAD.PERNICIARO@ORACLE.COM; JD.EDMONDS@ORACLE.COM; JASON.MINOR@ORACLE.COM; KARTHEEK.G@ORACLE.COM; KEVIN.FIDLER@ORACLE.COM; LAURA.LEE.MARSIGLIO@ORACLE.COM; LUCIA.RADU@ORACLE.COM; MICHELE.LUKIC@ORACLE.COM | Trade Payable | | | | $2,744,676 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 38 | MMR CONSTRUCTORS INC ATTN: JEREMIAH BLUM AND STEVE BIEBER 15961 AIRLINE HIGHWAY BATON ROUGE, LA 70817 | MMR CONSTRUCTORS INC ATTN: JEREMIAH BLUM AND STEVE BIEBER PHONE: 225-756-5090 FAX: 225-753-7012 | Trade Payable | | | | $2,729,320 |
| 39 | INSIGHT DIRECT USA INC ATTN: KENNETH T. LAMNECK, CEO, GLYNIS BRYAN CFO 6820 S. HARL AVE. TEMPE, AZ 85283 | NSIGHT DIRECT USA INC ATTN: KENNETH T. LAMNECK, CEO, GLYNIS BRYAN CFO PHONE: 800-467-4448 EMAIL: GLYNIS.BRYAN@INSIGHT.COM | Trade Payable | | | | $2,572,424 |
| 40 | STORK TECHNICAL SERVICES TRINIDAD AND TOBAGO LIMITED ATTN:  DARRYL MOHAN-SEENATH, ANA-LISA ALLEN, RAY DUNCAN, SHASHI MAHARAJH STORK HEADOFFICE – UTRECHT VAN DEVENTERLAAN 121 UTRECHT 3528 AG NETHERLANDS STORK TECHNICAL SERVICES TRINIDAD AND TOBAGO LIMITED ATTN:  DARRYL MOHAN-SEENATH, ANA-LISA ALLEN, RAY DUNCAN, SHASHI MAHARAJH 403 PACIFIC AVENUE CALIFORNIA TRINIDAD & TOBAGO | STORK TECHNICAL SERVICES TRINIDAD AND TOBAGO LIMITED ATTN:  DARRYL MOHAN-SEENATH, ANA-LISA ALLEN, RAY DUNCAN, SHASHI MAHARAJH PHONE: 31-0-88-089 10 00 FAX: 31-0-30-666 4733 EMAIL: RAY.DUNCAN@STORK.COM; SHASHI.MAHARAJH@STORK.COM; DARRYL.MOHAN-SEENATH@STORK.COM; ANA-LISA.ALLEN@STORK.COM | Trade Payable | | | | $2,450,840 |
| 41 | CHEVRON LUMMUS GLOBAL ATTN: DR. MAL MADDOCK 1515 BROAD STREET BLOOMFIELD, NJ 7003 CHEVRON LUMMUS GLOBAL 100 CHEVRON WAY BLDG 10, THIRD FL RICHMOND CA 94802 | CHEVRON LUMMUS GLOBAL ATTN: DR. MAL MADDOCK PHONE: 973-893-2953 FAX: 973-893-2412 | Trade Payable | | | | $2,433,818 |
| 43 | AVEVA INC ATTN: MIKE KNIGIN, CEO 250 ASSAY STREET SUITE 500 HOUSTON, TX 77044 | VEVA INC ATTN: MIKE KNIGIN, CEO PHONE: 713-450-9307 FAX: 713-450-2447 | Trade Payable | | | | $2,383,826 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 44 | UNITED RENTALS ATLANTA ATTN: MICHAEL J. KNEELAND, CHAIRMAN 100 FIRST STAMFORD PLACE STE 700 STAMFORD CT 06902 | UNITED RENTALS ATLANTA ATTN: MICHAEL J. KNEELAND, CHAIRMAN PHONE: 203-622-3131 FAX: 203-622-6080 | Trade Payable | | | | $2,377,065 |
| 45 | YOKOGAWA EUROPE SOLUTIONS BV ATTN: CHRISPIJN M EUROWEG 2 3825 HD AMERSFOORT AMERSFOOT UTRECHT 3825 HD NETHERLANDS | YOKOGAWA EUROPE SOLUTIONS BV ATTN: CHRISPIJN M PHONE: 31-0-88-4641000 FAX: 31-0-88-464111 EMAIL: MARTIN.CHRISPIJN@NL.YOKOGAWA.COM | Trade Payable | | | | $2,373,357 |
| 46 | SIEMENS AS ATTN: BERNARDO GARROZI CARDOSO ØSTRE AKER VEI 88 OSLO 596 NORWAY | SIEMENS AS ATTN: BERNARDO GARROZI CARDOSO PHONE: 49-69-6682-6664 FAX: 49-89-636-00 EMAIL: BERNARDO.GARROZI@SIEMENS.COM | Trade Payable | | | | $2,336,653 |
| 47 | EATON CORPORATION ATTN: IVANA DJORDJEVIC 14120 BALLANTYNE CORP PLACES CHARLOTTE, NC 28277 | EATON CORPORATION ATTN: IVANA DJORDJEVIC EMAIL: IVANADJORDJEVIC@EATON.COM | Trade Payable | | | | $2,336,299 |
| 48 | LOCAR GUINDASTES E TRANSPORTES INTERMODAIS LTDA ATTN: JOSE HENRIQUE BRAVO ALVES & MARCIO AMARAL DE OLIVEIRA RUA JOÃO PEDRO BLUMENTHAL, 300 GUARULHOS SP 7224150 BRAZIL | LOCAR GUINDASTES E TRANSPORTES INTERMODAIS LTDA ATTN: JOSE HENRIQUE BRAVO ALVES & MARCIO AMARAL DE OLIVEIRA PHONE: 0800-770-0618 EMAIL: LICITACAO@LOCAR.COM.BR; MARCIO.OLIVEIRA@LOCAR.COM.BR | Trade Payable | | | | $2,333,785 |
| 49 | ABAHSAIN CONSOLIDATED CO FOR ENERGY POWER LTD ATTN: SALAH ABAHSAIN SALAH ABAHSAIN GROUP KING ABDULAZIZ ST., P.O.BOX: 10800 DAMMAM 31443 KINGDOM OF SAUDI ARABIA | ABAHSAIN CONSOLIDATED CO FOR ENERGY POWER LTD ATTN: SALAH ABAHSAIN | Trade Payable | | | | $2,275,951 |

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 50 | MARLIN NAVEGAÇÃO SA ATTN: ALEXANDRE BORGES, FELIPE CARVALHO, HAROLDO CRUZ, RODRIGO VAINER PRAÇA FLORIANO, 19 - 1401 CENTRO RIO DE JANEIRO 20031-924 BRAZIL | MARLIN NAVEGAÇÃO SA ATTN: ALEXANDRE BORGES, FELIPE CARVALHO, HAROLDO CRUZ, RODRIGO VAINER PHONE: 55-21-3590-2445 EMAIL: ALEXANDRE.BORGES@MARLINNAV.COM.BR; FELIPE.CARVALHO@MARLINNAV.COM.BR; HAROLDO.CRUZ@MARLINNAV.COM.BR; RODRIGO.VAINER@MARLINNAV.COM.BR | Trade Payable | | | | $2,264,074 |

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MCDERMOTT INTERNATIONAL, INC., | Case No. 20-_____(___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security[2] | Percentage Held |
|---|---|---|---|---|
| McDermott International, Inc. | BlackRock, Inc. | 55 East 52nd Street New York, NY 10055 | Common Stock | 11.7% |
| | The Vanguard Group | 100 Vanguard Boulevard Malvern, PA  19355-2331 | Common Stock | 10.32% |
| | Chatterjee Management LP | 888  Seventh Avenue, 37th Floor New York, NY 10106-3002 | Common Stock | 10.03% |
| | Dimensional Fund Advisors LP | Building One 6300 Bee Cave Road Austin, Texas 78746 | Common Stock | 5.11% |

---

[1]   This list reflects holders of five percent or more of McDermott International, Inc.'s common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of the 50 Largest Unsecured Creditors, (II) Waiving the Requirement to File a List of Equity Security Holders, and (III) Authorizing the Debtors to Redact Certain Personal Identification Information* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

[2]   Outstanding warrants are not reflected in ownership.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MCDERMOTT INTERNATIONAL, INC. | ) | Case No. 20-_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Type of Equity Security | Approximate Percentage of Shares Held |
|---|---|---|
| BlackRock, Inc. | Common Stock | 11.7% |
| The Vanguard Group | Common Stock | 10.32% |
| Chatterjee Management LP | Common Stock | 10.03% |
| Goldman Sachs Group Inc. | 12% Redeemable Preferred Stock | 100% |
| Goldman Sachs Group Inc. | Series A Warrants | 100% |

Fill in this information to identify the case and this filing:

Debtor Name        McDermott International, Inc.

United States Bankruptcy Court for the:        Southern District of Texas

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| **1/21/2020** | ☒ **/s/ John R. Castellano** |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **John R. Castellano** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

### McDermott International, Inc.
### Resolutions of the Board of Directors

### Entry into Restructuring Support Agreement

WHEREAS, the Board has reviewed and considered certain materials presented by the management of the Company and the Company's financial and legal advisors; including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company; and

WHEREAS, in the judgment of the Board it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, that the Company enter into that certain restructuring support agreement (the "Restructuring Support Agreement") and any other agreements, certificates, instruments, powers of attorney, letters, forms of transfer, deeds and other documents in furtherance of a restructuring transaction or series of transactions, including the sale or other disposition of all or substantially all of the Technology Business (as defined in the Restructuring Support Agreement) (the "Technology Business Sale"), by which the Company would restructure its debt obligations and other liabilities.

NOW, THEREFORE, BE IT RESOLVED, that any of the Chief Executive Officer, Chief Financial Officer, Chief Transformation Officer, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, or any other duly appointed officer of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including, but not limited to, the Technology Business Sale and the other restructuring transactions described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions").

#### General Authorizations

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, in each case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, or manager of each direct or indirect subsidiary of the Company, in each case, in the name of the Company or the direct or indirect subsidiary of the Company, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein, including, but not limited to, directing the direct or indirect subsidiaries of the Company, as applicable, to effectuate the Technology Business Sale.

## Voluntary Petition for Relief Under Applicable Bankruptcy Law and Seeking Necessary Relief

WHEREAS, in the judgment of the Board it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief (the "Bankruptcy Petition") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") for the Company;

WHEREAS, in accordance with the requirements in the Company's governing documents and applicable law, the Board hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions;

NOW, THEREFORE, BE IT RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized to execute (under the common seal of the Company, if appropriate) and file on behalf of the Company and its subsidiaries and affiliates all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company's or any of its subsidiary's or affiliate's businesses.

### *Retention of Professionals*

NOW, THEREFORE, BE IT RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company:  (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel; (ii) AlixPartners, LLP as its restructuring advisor; (iii) Evercore Group L.L.C. as its investment banker; (iv) Arías, Fábrega & Fábrega ("AFF") as its Panamanian Counsel and (v) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Officers deem necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any other applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Company, if appropriate) such further documentation that the Authorized Officers in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions;

FURTHER RESOLVED, that Rodrigo Cardoze and any Authorized Officer, acting alone or together with any other Authorized Officer, is authorized, empowered and directed to (i) grant on behalf of the Company to AFF a general power of attorney for purposes of litigation in such form and on such terms as they deem necessary and appropriate (the "General Power of Attorney") or (ii) to delegate to any other person the ability to grant such General Power of Attorney; and

FURTHER RESOLVED, that AFF is authorized to cause the General Power of Attorney to be filed with the Public Registry of Panama (*Registro Público de Panamá*).

**Debtor-in-Possession Financing, Cash Collateral and Adequate Protection[1]**

WHEREAS, McDermott and/or certain subsidiaries of McDermott (together, the "DIP Borrowers") may enter into one or more secured or unsecured credit facilities pursuant to one or more credit agreements, letter of credit agreements, indentures, note purchase agreements and/or other documentation (collectively, the "DIP Facilities Loan Documentation"), whereby revolving and/or term loans may be borrowed, notes and other securities may be issued, and/or letters of credit may be issued in an aggregate principal/face amount of up to $2.810 billion at any one time outstanding (the "DIP Credit Facilities"), in each case as may be increased from time to time in accordance with the terms of the DIP Facilities Loan Documentation;

WHEREAS, in connection with the DIP Credit Facilities, McDermott may be required to execute and deliver: (i) pledge agreements, security agreements, mortgages (including real property, vessel or fleet mortgages), control agreements, escrow agreements, security instruments and other collateral agreements (collectively, the "DIP Facilities Collateral Agreements"), pursuant to which McDermott would grant security interests in and liens on substantially all of its property and assets (including, without limitation, vessels, real properties, equity interests in subsidiaries and joint ventures, accounts receivable, bank accounts, securities accounts, equipment, intellectual property and other properties and assets) to secure, among other things, the payment and performance of the obligations of the DIP Borrowers under the DIP Facilities Loan Documentation (such grants, collectively, the "Grants of Security Interest"); (ii) certain guaranty agreements (collectively, the "DIP Facilities Guaranty Agreements"), whereby McDermott would guarantee the payment and performance of the obligations of each DIP Borrower and the other of McDermott's subsidiaries under, among other things, the DIP Facilities Documentation (such guarantees, collectively, the "Guarantees"); and (iii) intercreditor agreements, collateral trust agreements, agreements, amendments, supplements, certificates, powers of attorney, proxies, documents, papers, and instruments related to the foregoing for the purposes of consummating the transactions contemplated by the DIP Facilities Loan Documentation and together with the DIP Facilities Collateral Agreements and the DIP Facilities Guaranty Agreements, the "Financing Documentation".

NOW, THEREFORE, BE IT RESOLVED, that the Company shall be, and hereby is, authorized by the Board to:

(a) undertake any and all transactions contemplated by that certain Debtor-in-Possession Credit Agreement (as amended, restated, supplemented or otherwise modified from time to time, the "DIP Credit Agreement"), by and among McDermott Technology (Americas), Inc., a Delaware corporation, McDermott Technology (US), Inc., a Delaware corporation and McDermott Technology, B.V., a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of the Netherlands, McDermott International, Inc., a Panamanian corporation, Credit Agricole Corporate and Investment Bank, as DIP Revolving Administrative Agent (as defined in the DIP Credit Agreement), and Barclays Bank PLS as DIP Term Loan Administrative Agent (as defined in the DIP Credit Agreement), and the lenders from time to time parties thereto, on substantially the terms and subject to the conditions described to the Board and as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by the Board or each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers;

(b) borrow funds from, request the issuance of letters of credit, provide guaranties to, pledge its assets as collateral to, and undertake any and all related transactions

---

[1] Capitalized terms used and not defined in the following resolutions have the meanings given to such terms in the DIP Documents, as defined herein.

contemplated thereby (collectively, the "Financing Transactions") with such Lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company;

(c) execute (under the common seal of the Company, if appropriate) and deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and Financing Transactions;

(d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Board; and

(e) pay related fees and grant security interests in and liens upon some, any or all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such Financing Transactions.

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute (under the common seal of the Company, if appropriate), file, deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and the DIP Facilities Loan Documentation, any hedging agreements, any secured cash management agreements, any agreements with any letter of credit issuer, and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, deeds of covenants, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreement and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral, letters of credit or other credit support with proceeds from the DIP Credit Agreement) or any amendments to any of the aforementioned documents or any waivers thereunder (including, without limitation, any amendments, waivers, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Facilities Loan Documentation or any mortgage) that may be contemplated by, or required in connection with, the DIP Loan Facilities Documentation and the Financing Transactions (collectively, the "DIP Financing Documents"); incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officers shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and DIP Loan Facilities Documentation, which determination shall be conclusively evidenced by his or her execution or delivery thereof;

FURTHER RESOLVED, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Financing Documents be, and the same hereby is in all respects approved, and that any Authorized Officers are hereby authorized and empowered, in the name of and on behalf of the Company, to execute (under the common seal of the Company, if appropriate), deliver and file the DIP Credit Agreement and each of the DIP Financing Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's or Authorized Officers' execution and delivery thereof;

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized and empowered to authorize the DIP Agent to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute

(under the common seal of the Company, if appropriate) and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company, vessel mortgages, and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Financing Documents;

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized and empowered, in consultation with the Board, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Facilities Loan Documentation or any of the other DIP Financing Documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof;

FURTHER RESOLVED, that the Company and its affiliates will obtain benefits from the incurrence of the loans under the DIP Credit Agreement and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the DIP Facilities Loan Documentation and the transactions under the DIP Financing Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company;

FURTHER RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby is authorized, adopted, and approved, and each of the Authorized Officers of the Company, acting alone or with one or more other Authorized Officers be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate, or cause to be prepared and negotiated, and to execute (under the common seal of the Company, if appropriate), deliver, perform, and cause the performance of, the Interim DIP Order and the DIP Financing Documents (together with the Interim DIP Order, collectively, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officers' execution and delivery thereof;

FURTHER RESOLVED, that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions");

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, to take such actions as in their discretion is determined to be necessary, appropriate, or desirable and execute (under the common seal of the Company, if appropriate) the Adequate Protection Transactions, including delivery of:  (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agents; and (c) such forms of deposit,

account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Documents; and

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with these resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, appropriate, or desirable to perform any of the Company's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of these resolutions.

***Miscellaneous***

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers to perform such further actions and execute (under the common seal of the Company, if appropriate) such further documentation that such Authorized Officer in their absolute discretion deems necessary, appropriate or desirable in accordance with these resolutions;

FURTHER RESOLVED, that any direct or indirect subsidiary of the Company or any affiliate of the Company or any entity of which the Company or any subsidiary of the Company is the sole member, general partner, managing member, or equivalent manager, as applicable, be, and hereby is, authorized to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and for the avoidance of doubt, none of the resolutions contained herein, or action taken in furtherance hereto, are intended to have or cause an adverse effect on any such subsidiary, affiliate, or the Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, the Authorized Officers, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Restructuring Transactions;

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

FURTHER RESOLVED, that the Board has found that the Restructuring Transactions and the foregoing resolutions were in the best interests of the Company and its stakeholders taken as a whole;

FURTHER RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board; and

FURTHER RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to do all such other acts, deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution (under the common seal of the Company, if appropriate) and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

# C E R T I F I C A T E

I, the undersigned, Assistant Secretary of McDermott International, Inc., a Panamanian corporation, do hereby certify that the above and foregoing is a true and correct copy of the resolutions adopted by the Board of Directors of said company at a duly noticed meeting of the Board of Directors held on January 20, 2020 at which a quorum of the Board of Directors was present, and that said resolutions have not been vacated or recalled or amended and remain in full force and effect.

IN WITNESS WHEREOF, I hereunto set my hand this 21 day of January 2020.

_____
Kimberly J. Wolford
Assistant Secretary