**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MCDERMOTT INTERNATIONAL, INC., *et al.*,[1] | ) | Case No. 20-30336 (DRJ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER**
**(I) RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY,**
**ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF**
**THE BANKRUPTCY CODE, (II) PERMITTING THE DEBTORS TO MODIFY**
**THE AUTOMATIC STAY IN THEIR SOLE DISCRETION TO PROCEED**
**WITH LITIGATION OR CONTESTED MATTERS COMMENCED**
**PREPETITION, AND (III) APPROVING THE FORM AND MANNER OF NOTICE**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 23, 2020, AT 9:00 A.M. IN COURTROOM 400, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN JANUARY 23, 2020.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state as follows in support of this motion (this "<u>Motion</u>"):

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/McDermott. The location of Debtor McDermott International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 757 North Eldridge Parkway, Houston, Texas 77079.

**Relief Requested**

1.      The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto:  (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code (as defined herein), (b) modifying the automatic stay, to the extent the Debtors deem appropriate in their sole discretion, to proceed with litigation or contested matters commenced before the Petition Date (as defined herein), and (c) approving the form and manner of notice related thereto, substantially in the form attached as **Exhibit 1** to the Order (the "Notice").

2.      The Debtors further seek authority, but not direction, to translate this Motion, the Order, and/or the Notice to better inform creditors, governmental units, and interested parties of the relief requested herein.

**Jurisdiction and Venue**

3.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a), 362, 365, and 525 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6003 and 6004, and

rule 9013-1 of the Bankruptcy Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

6.      On January 21, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David Dickson, President and Chief Executive Officer of McDermott International, Inc., in Support of the Chapter 11 Petitions* (the "Dickson Declaration") and the *Declaration of John R. Castellano, Chief Transformation Officer of McDermott International, Inc., in Support of the Debtors' First Day Motions* (the "Castellano Declaration," together with the Dickson Declaration, the "First Day Declarations"), filed contemporaneously with this Motion and incorporated by reference herein.

### The Debtors' Global Supply Network

7.      As described in the First Day Declarations, the Debtors' operations and organizational structure span the globe.  The Debtors are headquartered in Houston, Texas, and have key regional offices in more than 54 countries and projects on six continents.  The Debtors are incorporated or formed under the laws of a number of foreign countries, including Australia, Brazil, Canada, Cayman Islands, Chile, Columbia, Curacao, Ireland, Liechtenstein, Malaysia, Mauritius, Mexico, Norway, Panama, Saudi Arabia, Singapore, the Netherlands, and the United Kingdom.  In the ordinary course of business, the Debtors rely on, and incur obligations to, suppliers of goods and/or services and other creditors that are primarily (if not exclusively) based outside the United States.

8.      These goods and services are essential to the Debtors' operations and are crucial aspects of ensuring safety on their vessels and at their facilities, warehouses, and project sites. Without continued support from their non-U.S. suppliers, the Debtors would face severe

interruptions to their daily operations and safety standards could be jeopardized.  Concurrently herewith, the Debtors have filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Foreign Claims, Lien Claims, 503(b)(9) Claims, and Other Claims, and (II) Confirming Administrative Expense Priority of Outstanding Purchase Orders* (the "Foreign Creditor and Lienholder Motion").  Pursuant to the Foreign Creditor and Lienholder Motion, the Debtors seek authority to continue their business in the ordinary course and satisfy certain prepetition and postpetition claims of non-U.S. trade creditors as and when they come due. The Debtors anticipate that such relief will help deter parties in interest from attempting to exercise remedies or take adverse action against the Debtors in non-U.S. jurisdictions on account of the commencement of these chapter 11 cases.  By this Motion, the Debtors seek to better inform non-U.S. trade creditors of the automatic stay and other protections of the Bankruptcy Code, thereby further deterring adverse action.

9.       In addition, because of the nature of their global operations, significant Debtor-owned assets move through international waters at any given time.  Non-U.S. creditors and contract counterparties operating in various ports and jurisdictions may be unfamiliar with chapter 11 processes, the scope of a debtor-in-possession's authority to operate its business, or the importance and implications of the automatic stay.  As discussed in detail in the Foreign Creditor and Lienholder Motion, because the Debtors' business operations implicate maritime law, certain of the Debtors' non-U.S. creditors could attempt to assert maritime liens against the Debtors' assets.  These creditors—and others—may attempt to seize assets located outside of the United States or take other actions violating the automatic stay to the detriment of the Debtors, their estates, and creditors.

10.     Finally, the Debtors are party to certain leases and executory contracts, including proprietary technology licenses and engineering, procurement, construction, and installation ("EPCI") agreements, joint venture agreements, and other project-related agreements.  Non-U.S. counterparties thereto could attempt to terminate such leases or contracts upon the commencement of these chapter 11 cases pursuant to *ipso facto* provisions, violating sections 362 and 365 of the Bankruptcy Code.  Similarly, governmental units outside the United States may deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters, vessel flags, franchises, or other similar grants held by a chapter 11 debtor and required for the Debtors' ongoing business operations, violating section 525 of the Bankruptcy Code.

11.     The Debtors seek the relief requested herein out of an abundance of caution and to assist them in most effectively informing non-U.S. creditors of the broad protections offered by the Bankruptcy Code.  For the avoidance of doubt, the Debtors do not seek to expand or enlarge the rights afforded to them under the Bankruptcy Code with this Motion.  Instead, the Debtors seek to affirm those rights and believe that an order from this Court will help guard the Debtors against improper actions taken by, and provide clarity for, non-U.S. parties in interest.

## Basis for Relief

**I.     Relief Should Be Granted Hereunder to Most Effectively Enforce the Automatic Stay, Anti-Discrimination, and *Ipso Facto* Provisions of the Bankruptcy Code.**

12.     As a result of the commencement of these chapter 11 cases, and by operation of section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other things, taking any action to obtain possession of property of the estate or to exercise control over property of the estate.  *See* 11 U.S.C. § 362(a)(3).  The injunction contained in section 362 is a core protection for debtors, providing them with a "breathing spell from [their] creditors" that is essential to the Debtors' ability to reorganize successfully.  *Browning v. Navarro*, 743 F.2d 1069,

1083 (5th Cir. 1984) (citations omitted); *see also In re Commonwealth Oil Ref. Co., Inc.*, 805 F.2d 1175, 1182 (5th Cir. 1986) (same); *In re Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d 1380, 1409 (5th Cir. 1986), *on reh'g,* 808 F.2d 363 (5th Cir. 1987), *aff'd sub nom. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988) (same).

13.     Given its fundamental importance to a debtor's reorganization, courts broadly construe the Bankruptcy Code's automatic stay provisions.  *S e e  In re Padilla*, 379 B.R. 643, 662 (Bankr. S.D. Tex. 2007); *In  re  Cont'l Airlines Corp.*, 50  B.R.  342,  350  (S.D.  Tex. 1985), aff'd, 790 F.2d 35 (5th Cir. 1986).  As such, the automatic stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order, protecting a debtor's property and contracts wherever located and by whoever held.  *See, e.g.*, *Bonneville Power Admin. v. Mirant Corp. (In re Mirant)*, 440 F.3d 238 (5th Cir. 2006) (holding that the automatic stay prohibited termination of debtor's contract without further relief).

14.     Furthermore, section 362 of the Bankruptcy Code applies worldwide.  *See In re Elcoteq, Inc.*, 521 B.R. 189, 198–99 (Bankr. N.D. Tex. 2014) ("[B]y including property of the debtor 'wherever located' in the bankruptcy estate, Congress explicitly indicated its intent for property located outside the territory of the United States to be considered property of the estate and thus protected by the automatic stay.");  *Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Bernard L. Madoff Inv. Secs. LLC)*, 2012 WL 1570859, (S.D.N.Y. May 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998); *Nakash v. Zur (In re Nakash)*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996). The Bankruptcy Court has authority to fashion appropriate remedies for violations of the automatic stay.  *See, e.g.*, 11 U.S.C. §§ 105(a); 362(k); *see also In re Gen. Homes Corp.*, 181 B.R. 870,

876 (Bankr. S.D. Tex. 1994) (holding that a debtor may pursue remedies regarding a stay violation by contempt motion pursuant to Bankruptcy Rules 9020); *In re All Trac Transp., Inc.*, 310 B.R. 570, 573 (Bankr. N.D. Tex. 2004), *aff'd,* No. 02-3390, 2005 WL 5012640 (N.D. Tex. July 28, 2005), *aff'd,* 223 F. App'x 299 (5th Cir. 2006) (same); *see also In re Repine*, 536 F.3d 512, 522 (5th Cir. 2008) (holding that a debtor could collect attorney's fees incurred in prosecuting a stay violation).

15.     In addition to the automatic stay, additional provisions of the Bankruptcy Code provide important protections to the Debtors.  Section 525 of the Bankruptcy Code prohibits governmental units from, among other things:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.  11 U.S.C. § 525(a); s*ee also In re Exquisito Servs., Inc.*, 823 F.2d 151, 155 (5th Cir. 1987) ("[T]he impetus behind section 525(a) is to prevent governmental units from frustrating the policies of the Bankruptcy Code by discriminating against persons seeking relief under that Code.").

16.     Additionally, section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to debtor contracts from terminating or modifying such contracts, including rights or obligations thereunder, solely on account of a debtor's bankruptcy filing—invalidating such "*ipso facto*" provisions.  Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from enforcing the terms of a contract against the Debtors.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984).  Third parties must thus continue to perform under

7

executory contracts until they are assumed or rejected.  *See Lauter v. Citgo Petroleum Corp.*, 2018 WL 801601, at *14 (S.D. Tex. 2018) ("Between the date a bankruptcy petition is filed and an executory contract is assumed or rejected under § 365(a), the contract continues to exist, enforceable by the debtor, but not against the debtor."); *see also In re Gunter Hotel Associates*, 96 B.R. 696, 700 (Bankr. W.D. Tex. 1988) ("[A]n executory contract under Chapter 11 is not enforceable against the debtor party, but is enforceable against the nondebtor party prior to the debtor's assumption or rejection of the contract."); *In re Mirant Corp.*, 303 B.R. 319, 328 (Bankr. N.D. Tex. 2003) ("[E]ven if a contract is not property of the estate until assumption, a debtor has rights under the contract which *are* property of the estate and so are protected by the automatic stay from actions of other parties.") (emphasis in original); *In re El Paso Refinery, L.P.*, 196 B.R. 58, 72 (Bankr. W.D. Tex. 1996) ("Pending the debtor's assumption or rejection of *an assumable* executory contract, the non-debtor is bound by the contract's terms.").

17.     Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction.  *See, e.g.*, *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986); *In re Rojas*, 2009 WL 2496807, at *7 (Bankr. S.D. Tex. 2009).  Such orders are appropriate where, as here, they are essential to the debtor's reorganization efforts and do not burden creditors. *See Matter of Jones*, 966 F.2d 169, 173 (5th Cir. 1992) (holding that, as courts of equity, bankruptcy courts are empowered to invoke equitable principles to achieve fairness and justice in the reorganization process).

18.     The application of the protections afforded a debtor by sections 362, 365, and 525 of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition.

*See* 11 U.S.C. § 362(a)(3) ("[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of, [among other things,] any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."); 11 U.S.C. § 365(e)(1) ("[A]ny right or obligation under [an executory contract or unexpired lease of the debtor] may not be terminated or modified, at any time after the commencement of the case solely because" an *ipso facto* provision); 11 U.S.C. § 525(a) ("[A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against [. . .] a person that is or has been a debtor under this title.").

19.     Notwithstanding the automatic effect of these statutes, non-U.S. creditors unfamiliar with the Bankruptcy Code may attempt to proceed against the Debtors' property outside the United States even after the Debtors file voluntary petitions.  Such unilateral self-help, litigation, or collection actions could adversely affect the Debtors' ordinary course operations, thereby jeopardizing the Debtors' reorganization and resulting in irreparable harm to the estates and interested parties.  Although the automatic stay, anti-discrimination provisions, and *ipso facto* protections are self-executing on the Petition Date, the Debtors believe that a Court order is necessary and appropriate to most effectively enforce creditor compliance with the Bankruptcy Code.  To that end, the Debtors submit that service of the Notice as set forth herein will advance the efficient administration of these chapter 11 cases.

20.     Granting the relief requested herein will better enable the Debtors to inform non-U.S. creditors and interested parties of debtor protections that may be unfamiliar to them.  It will help ensure that (a) parties to unexpired leases and executory contracts with the Debtors continue to perform their duties and obligations thereunder, (b) creditors are less likely to seize the Debtors'

assets or take other actions violating the automatic stay, and (c) governmental units do not unfairly discriminate or take action against the Debtors violating the Bankruptcy Code.   The relief requested herein will facilitate the Debtors' orderly transition into chapter 11 and minimize the disruption of their businesses.[2]

## II.   The Automatic Stay Should Be Modified in the Debtors' Sole Discretion to Continue Litigating Certain Contested Matters.

21.     The Debtors further seek authority, pursuant to sections 105(a), 362(a), and 362(d) of the Bankruptcy Code, to modify the automatic stay, solely to the extent the Debtors deem appropriate in their sole discretion, to proceed with litigation or contested matters commenced before the Petition Date—many of which are venued in jurisdictions outside the United States and involve non-Debtors.   *See United States Ass'n of Texas v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 370 (1988) (holding that parties in interest may file for relief from the automatic stay); *In re Cypresswood Land Partners, I*, 409 B.R. 396, 415 (Bankr. S.D. Tex. 2009) (noting that debtors are "parties in interest" as set forth pursuant to section 1109 of the Bankruptcy Code); *In re Buccaneer Res., LLC*, 2015 WL 8527424, at *4 (Bankr. S.D. Tex. Dec. 10, 2015) (referencing a prior bankruptcy court order granting debtors' motion to modify the automatic stay to permit their insurers to advance certain defense costs).

22.     Cause exists to modify the stay in these limited actions because such relief will permit the Debtors to choose to continue defending actions and contested matters that, for instance, have been the subject of ongoing litigation or other proceedings in venues outside the United States that are close to final resolution.   Such relief would permit the Debtors to liquidate certain claims more efficiently and in accordance with applicable law.   Any such relief would be in the Debtors'

---

[2]     As necessary, the Debtors anticipate translating this Motion, the Order, and/or the Notice in order to better inform creditors, governmental units, and interested parties of the relief requested herein.

sole discretion.  In most instances, the Debtors anticipate that enforcing the automatic stay will be in the best interests of their estates.

## Emergency Consideration

23.     Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

24.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Notice

25.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local

Rules, and is sufficient under the circumstances.  Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) entities listed as holding the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) Credit Agricole Corporate and Investment Bank, 1301 Avenue of the Americas, New York, New York 10019, Attn: Ronald E. Spitzer, Kathleen Sweeney and Yuri Tsyganov, as proposed DIP LC Agent and as proposed DIP Collateral Agent (each as defined in the DIP Credit Agreement) under the DIP Credit Agreement, as Revolving Administrative Agent and as Collateral Agent (the "Revolving Administrative Agent") under that certain Superpriority Senior Secured Credit Agreement, dated as of October 21, 2019, and as Revolving and LC Administrative Agent and as Collateral Agent (the "Revolving and LC Administrative Agent") under that certain Credit Agreement, dated as of May 10, 2018; (d) Linklaters LLP, 1345 Avenue of the Americas, New York, New York 10105, Attn: Margot Schonholtz, Esq. and Penelope Jensen, Esq., counsel to the proposed DIP LC Agent, the proposed DIP Collateral Agent, the Revolving Administrative Agent and the Revolving and LC Administrative Agent; (e) Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002, Attn: William A. (Trey) Wood III, Esq., co-counsel to the proposed DIP LC Agent, the proposed DIP Collateral Agent, the Revolving Administrative Agent and the Revolving and LC Administrative Agent; (f) the indenture trustee for each of the Debtors' unsecured notes, and counsel thereto; (g) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Ave, New York, NY 10019, Attn: Andrew N. Rosenberg and Alice Belisle Eaton, and Brown Rudnick LLP, 7 Times Square, New York, NY 10036, Attn: Robert J. Stark and Bennett S. Silverberg, co-counsel to the Ad Hoc Group of Senior Noteholders; (h) Davis Polk & Wardell LLP 450 Lexington Ave, New York, NY 10017, Attn: Damian Schaible and Natasha Tsiouris, counsel

to the Ad Hoc Group of Term Lenders; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (m) the state attorneys general for states in which the Debtors conduct business; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
January 22, 2020

/s/ Matthew D. Cavenaugh

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      (713) 752-4200
Facsimile:       (713) 752-4221
Email:            mcavenaugh@jw.com
                       jwertz@jw.com
                       kpeguero@jw.com
                       vpolnick@jw.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christopher T. Greco, P.C. (*pro hac vice* pending)
Anthony R. Grossi (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            joshua.sussberg@kirkland.com
                       christopher.greco@kirkland.com
                       anthony.grossi@kirkland.com

-and-

James H.M. Sprayregen, P.C.
John R. Luze (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            james.sprayregen@kirkland.com
                       john.luze@kirkland.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on January 22, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh