# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| MCDERMOTT INTERNATIONAL, INC., *et al.*,[1] | ) Case No. 20-30336 (DRJ) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |
|  | ) **Re: Docket No. __** |

**ORDER (I) RESTATING AND ENFORCING THE
WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
*IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) PERMITTING THE
DEBTORS TO MODIFY THE AUTOMATIC STAY IN THEIR SOLE DISCRETION TO
PROCEED WITH LITIGATION OR CONTESTED MATTERS COMMENCED
PREPETITION, AND (III) APPROVING THE FORM AND MANNER OF NOTICE**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (b) modifying the automatic stay, to the extent the Debtors deem appropriate in their sole discretion, to proceed with litigation or contested matters commenced before the Petition Date against the Debtors, and (c) approving the form and manner of notice, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/McDermott. The location of Debtor McDermott International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 757 North Eldridge Parkway, Houston, Texas 77079.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Subject to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby stayed, restrained and enjoined from:

   (a) commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' chapter 11 cases or recovering a claim against the Debtors that arose before the commencement of the Debtors' chapter 11 cases;

   (b) enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' chapter 11 cases;

   (c) taking any action, whether inside or outside the United States, to obtain possession of property of the Debtors' estates, wherever located, or to

exercise control over property of the Debtors' estates or interfere in any way with the conduct by the Debtors of their businesses, including, without limitation, attempts to interfere with deliveries or events or attempts to arrest, seize or reclaim any equipment, supplies or all other assets in which the Debtors have legal or equitable interests;

(d) taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

(e) taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases;

(f) taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases;

(g) offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and

(h) commencing or continuing any proceeding concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

3. Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these cases, or (b) commencement of these cases under the Bankruptcy Code.  Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

4. Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited and enjoined from:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors

with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.

5. For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code.

6. The form of Notice, attached as **Exhibit 1** hereto, is approved. The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located. The Debtors are further authorized to procure and provide true and correct foreign-language translations of the Motion, this Order, or any other materials filed in these chapter 11 cases to any foreign party in interest at the Debtors' discretion.

7. Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

8. The automatic stay is modified solely to the extent the Debtors deem appropriate in their sole discretion, to permit the Debtors to allow litigation or contested matters commenced before the Petition Date to proceed.

9. Notwithstanding the relief granted in this Order, to the extent there is any inconsistency between the terms of any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and any budget or cash flow forecasts in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget or cash flow forecasts in connection therewith (in either case, the "DIP Order") and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

10. This Order remains subject to section 362 of the Bankruptcy Code, including its

exceptions. This Order shall not affect the exceptions to the automatic stay contained in Section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with Section 362(d) of the Bankruptcy Code.

11. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a). Such notice satisfies the requirements of the Local Rules.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas  
Dated: _____, 2020

                                      DAVID R. JONES  
                                      UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Form of Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | ) )  | Chapter 11 |
| MCDERMOTT INTERNATIONAL, INC., *et al.*,[1] | ) ) ) | Case No. 20-30336 (DRJ) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

### NOTICE OF ENTRY OF AN ORDER RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on January 21, 2020, the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").  The Debtors' chapter 11 cases are pending before the Honorable David R. Jones, United States Bankruptcy Judge, and are being jointly administered under the lead case *In re McDermott International, Inc., et. al.*, Case No. 20-30336 (DRJ).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction, applicable to all entities and protecting the Debtors from, among other things:  (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Debtors' cases; or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/McDermott.  The location of Debtor McDermott International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 757 North Eldridge Parkway, Houston, Texas 77079.

against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Permitting the Debtors to Modify the Automatic Stay in Their Sole Discretion to Proceed with Litigation or Contested Matters Commenced Prepetition, and (III) Approving the Form and Manner of Notice* (the "Order") [Docket No. [__]], entered on [____], 2020, and attached hereto as **Exhibit A**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), persons party to a contract or agreement with the Debtors, governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims, interests, causes of action or other legal or equitable remedies against, or otherwise exercise any rights in law or equity against the Debtors or their estates must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

---

[2] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment or any other claims of the Debtors against any party to the above-captioned cases. The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases as set forth more particularly in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing—except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law—including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' chapter 11 cases, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly available docket of the Debtors' chapter 11 cases at http://www.txs.uscourts.gov/bankruptcy (PACER login and password required), (b) accessing the

Debtors' publicly available website providing information regarding these chapter 11 cases, located online at https://cases.primeclerk.com/McDermott, or (c) contacting the following proposed co-counsel for the Debtors.

Houston, Texas
[●], 2020

/s/

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Kristhy M. Peguero (TX Bar No. 24102776) | Christopher T. Greco, P.C. (*pro hac vice* pending) |
| Veronica A. Polnick (TX Bar No. 24079148) | Anthony R. Grossi (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | 601 Lexington Avenue |
| Houston, Texas 77010 | New York, New York 10022 |
| Telephone: (713) 752-4200 | Telephone: (212) 446-4800 |
| Facsimile: (713) 752-4221 | Facsimile: (212) 446-4900 |
| Email: mcavenaugh@jw.com | Email: joshua.sussberg@kirkland.com |
| jwertz@jw.com | christopher.greco@kirkland.com |
| kpeguero@jw.com | anthony.grossi@kirkland.com |
| vpolnick@jw.com | |
| | -and- |
| *Proposed Co-Counsel to the Debtors* | |
| *and Debtors in Possession* | James H.M. Sprayregen, P.C. |
| | John R. Luze (*pro hac vice* pending) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: james.sprayregen@kirkland.com |
| | john.luze@kirkland.com |
| | |
| | *Proposed Co-Counsel to the Debtors* |
| | *and Debtors in Possession* |

# **EXHIBIT A TO FORM NOTICE**

**Order**