## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MCDERMOTT INTERNATIONAL, INC., *et al.*,[1] | ) Case No. 20-30336 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
## ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES

> **EMERGENCY RELIEF HAS BEEN REQUESTED.  A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 23, 2020, AT 9:00 A.M. IN COURTROOM 400, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002.  IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING, OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NO LATER THAN JANUARY 23, 2020.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1.      The Debtors seek the entry of an order, substantially in the form attached hereto, authorizing the Debtors to remit and pay (or use tax credits to offset) Taxes and Fees (as each is defined herein) in the ordinary course of business.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/McDermott.  The location of Debtor McDermott International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 757 North Eldridge Parkway, Houston, Texas 77079.

proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6003, 6004, and 9019 and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

5.      On January 21, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David Dickson, President and Chief Executive Officer of McDermott International, Inc., in Support of the Chapter 11 Petitions* (the "Dickson Declaration") and the *Declaration of John R. Castellano, Chief Transformation Officer of McDermott International, Inc., in Support of the Debtors' First Day Motions* (the "Castellano Declaration," together with the Dickson Declaration, the "First Day Declarations"), filed contemporaneously with this Motion and incorporated by reference herein.

## Taxes and Fees Overview

6.      In the ordinary course of business, the Debtors collect and incur taxes and fees owed to more than 100 taxing authorities worldwide related to (a) sales (including value added tax (the "VAT Taxes")), property, income, operations, third-party services, customs and import

duties, and employees,[2] and (b) environmental, regulatory, and other fees (collectively, the "Taxes and Fees").  The Debtors pay or remit, as applicable, Taxes and Fees weekly, monthly, bi-monthly, quarterly, semi-annually, annually, or on other terms to various governments and applicable authorities (collectively, the "Authorities"), depending on the nature and incurrence of a particular Tax or Fee and as required by applicable laws and regulations.  A schedule identifying the Authorities is attached hereto as **Exhibit A**.[3]  The Taxes and Fees typically are, but not exclusively, remitted and paid by the Debtors through checks and electronic transfers that are processed through their banks and other financial institutions or service providers.  From time to time, the Debtors also receive tax credits for overpayments or refunds in respect of Taxes or Fees. The Debtors use these credits in the ordinary course of business to offset against future Taxes or Fees, or have such amounts refunded to the Debtors.

7.      Although the Debtors believe that they are substantially current with respect to their payment of Taxes and Fees, the Debtors seek authority to continue making such payments where: (a) Taxes and Fees accrue or are incurred postpetition; (b) Taxes and Fees have accrued or were incurred prepetition but were not paid prepetition, or were paid in an amount less than actually owed; (c) payments made prepetition by the Debtors were lost or otherwise not received in full by any of the Authorities, which may give rise to interest and other penalties; and (d) Taxes and Fees incurred for prepetition periods become due and payable after the commencement of these chapter 11 cases.

---

[2]     The Debtors do not seek authority to pay prepetition amounts related to employment taxes and payroll withholding taxes under this Motion, but rather request such authority as part of the *Debtors' Emergency Motion for Entry of an Order Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (II) Continue Employee Benefits Programs* which has been filed concurrently herewith.

[3]     Although **Exhibit A** is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from **Exhibit A**.  The Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified on **Exhibit A**.

8.      Any failure by the Debtors to pay the Taxes and Fees could materially disrupt the Debtors' business operations in several ways, including:  (a) the Authorities may initiate audits of the Debtors, which would unnecessarily divert the Debtors' attention from the reorganization process; (b) the Authorities may attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and/or pursue other remedies that will harm the estates; and (c) in certain instances, the Debtors' directors and officers could be subject to claims of personal liability, which would likely distract those key individuals from their duties related to the Debtors' restructuring. Moreover, Taxes and Fees not paid on the due date as required by law may result in fines and penalties, the accrual of interest, or both.  Finally, the Debtors collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable Authorities, and these funds may not constitute property of the Debtors' estates.

9.      The Debtors estimate that approximately $57.9 million in Taxes and Fees relating to the prepetition period have accrued and may become due and owing (or arise in connection with a collateral or bond posting obligation), either in the ordinary course, in connection with audits, or in connection with settlements or statutory "amnesty" provisions,  after the Petition Date.[4]

---

[4]      The Debtors are currently subject to ongoing audit investigations and may be subject to further investigations on account of tax returns and/or obligations in prior years (collectively, the "Audits").  This figure includes investigations by the Authorities with respect to above categories, which may result in the imposition of additional prepetition Taxes and Fees being assessed against the Debtors, including interest on late payment of taxes (such additional Taxes and Fees, the "Assessments").  This figure also includes Assessments that may already have been made but are being contested in appropriate judicial or administrative proceedings, as well as amounts that may need to be posted as collateral in order to contest asserted Assessment amounts.  Nothing in the above table, this Motion, or any related order constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit or Assessment.  The Debtors expressly reserve all rights with respect to any Audit. Furthermore, the Debtors reserve the right to contest any Assessment, if any, claimed to be due as a result of the Audits.

| Category | Description | Approximate Amount Accrued and Unpaid as of Petition Date[5] |
|---|---|---|
| Foreign Income Taxes | Taxes imposed on the Debtors' income outside of the United States. | $23.9 million |
| Sales and VAT Taxes | Taxes on goods and/or services that are used/consumed or sold and assessed based on the value of those goods and services. | $20.9 million |
| Customs and Import Duties | Taxes imposed on the Debtors for importing goods into a particular jurisdiction from outside that jurisdiction. | $0.7 million |
| Regulatory, Environmental, and Other Taxes and Fees | Fees related to permitting, licensing, levies, regulatory assessments, flag fees, compliance with environmental laws and regulations, and other fees paid to the Authorities. | $12.4 million |
| **Total** | | **$57.9 million** |

## I.  Income Taxes

10.     In the ordinary course of operating their businesses, the Debtors incur income taxes on profits in the various foreign jurisdictions where the Debtors operate (the "Income Taxes"). The Debtors typically pay Income Taxes on a quarterly basis.  Additionally, in certain jurisdictions, customers are required to withhold and remit Income Taxes to the relevant Authority on behalf of the Debtors.  In some jurisdictions, the Debtors remit estimated amounts in respect of Income Taxes, resulting in tax credits or overpayments which may be set off against future Income Taxes, or in certain circumstances may be refunded to the Debtors or non-Debtor affiliates.  In 2019, the Debtors paid, and customers withheld, approximately $73.9 million in Income Taxes.  As of the Petition Date, the Debtors estimate that they may owe approximately $23.9 million to the relevant Authorities on account of prepetition Income Taxes.

---

[5]     In certain cases, the approximate amount of Taxes and Fees is based on current exchange rates and may be subject to change based on fluctuations in exchange rates.

## II.     Sales and VAT Taxes.

11.     The Debtors operate an international business in countries and regions around the world including North America, Central America, South America, Europe, Africa, Russia, the Caspian, the Middle East, and Asia-Pacific.  In connection with such operations, the Debtors incur, collect, and remit sales and value-added taxes based on the goods and/or services that are used or consumed and assessed in relation to the value added to such goods and/or services (the "Sales and VAT Taxes").  Sales and VAT Taxes essentially are general consumption taxes charged at either the point of purchase for goods and services or the point of sale of goods and services, which are usually set by the Authority as a percentage of the retail price of the good or service purchased.  The process by which the Debtors remit Sales and VAT Taxes varies depending on the Authority.  Generally, the Debtors remit Sales and VAT Taxes on a monthly basis.  In 2019, the Debtors remitted approximately $54.3 million in the aggregate to various Authorities on account of Sales and VAT Taxes.  As of the Petition Date, the Debtors estimate that approximately $20.9 million in Sales and VAT Taxes will have accrued and remain unpaid to the relevant Authorities.

## III.     Customs and Import Duties.

12.     The Debtors are required to pay both customs and import duties in the ordinary course of operating their business (collectively, the "Customs and Import Duties").  For example, the Debtors incur Customs and Import Duties when they import equipment for use on a maritime construction vessel from another jurisdiction.  The Debtors generally pay Customs and Import Duties as they accrue.  In 2019, the Debtors paid approximately $1.2 million in Customs and Import Duties.  As of the Petition Date, the Debtors estimate that approximately $0.7 million in Customs and Import Duties will have accrued and remain unpaid to the relevant Authorities and customs agents.

**IV.     Regulatory, Environmental, and Other Taxes and Fees.**

13.     The Debtors incur, in the ordinary course of business, certain regulatory assessments, permitting, licensing and other operational fees, including flag and port fees, levies, fees related to environmental and conservation laws and regulations, franchise taxes, property taxes, and other miscellaneous taxes and fees (collectively, "Regulatory, Environmental, and Other Taxes and Fees").  The Debtors typically remit Regulatory, Environmental, and Other Taxes and Fees to the relevant Authorities or customs agents on a monthly, quarterly, or annual basis.  In 2019, the Debtors paid approximately $30.9 million in Regulatory, Environmental, and Other Taxes and Fees.  As of the Petition Date, the Debtors estimate that approximately $12.4 million in Regulatory, Environmental, and Other Taxes and Fees will have accrued and remain unpaid to the relevant Authorities or customs agents.

## Basis for Relief

**V.     Certain of the Taxes and Fees May Not Be Property of the Debtors' Estates.**

14.     Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."  Certain of the Taxes and Fees are collected or withheld by the Debtors on behalf of the applicable Authorities and are held in trust by the Debtors. *See, e.g.*, *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that certain taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate).  For example, all U.S. federal internal revenue tax withheld is considered to be held in a special fund in trust for the United States.  *Id.* at 60.  Because the Debtors may not have an equitable

7

interest in funds held on account of such "trust fund" taxes, the Debtors should be permitted to pay those funds to the Authorities as they become due.[6]

## VI. Certain of the Taxes and Fees May Be Secured or Priority Claims Entitled to Priority Treatment under the Bankruptcy Code.

15.     Claims for certain of the Taxes and Fees may be priority claims entitled to payment before general unsecured claims.  *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment).  Moreover, Authorities may attempt to assess interest and penalties if such amounts are not paid.  Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code.  Therefore, payment of certain of the Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors.[7]  Payment of such Taxes and Fees likely will give Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan of reorganization and will save the Debtors the potential interest expense, legal expense, and penalties that might otherwise accrue on Taxes and Fees during these chapter 11 cases.

## VII. Payment of the Taxes and Fees as Provided Herein is a Sound Exercise of the Debtors' Business Judgment.

16.     Section 363 of the Bankruptcy Code provides authority for the Debtors to pay Taxes and Fees as and when they come due.  Section 363(b)(1) of the Bankruptcy Code provides that

---

[6]     For the avoidance of doubt, the Debtors hereby request authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

[7]     A recent opinion of the United States Bankruptcy Court for the District of Delaware creates some uncertainty as to (1) whether prepetition Income Taxes related to the Debtors' current tax year should be entitled to administrative treatment under section 503(b)(1)(B)(i) of the Bankruptcy Code; and (2) whether prepetition Income Taxes, including those related to the Debtors' current tax year that do not receive administrative claim treatment, should be entitled to priority treatment under section 507(a)(8) of the Bankruptcy Code.  *See In re Affirmative Holdings, Inc.*, No. 15-12136 (CSS) (Bankr. D. Del. Oct. 15, 2019) (classifying income tax claims arising from prepetition events as unsecured).

"[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ."  Under this section, a court may authorize the payment of certain prepetition claims where a debtor "show[s] that a sound business purpose justifies such actions."  *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task.").

17.     This standard is satisfied here.  The Debtors' ability to pay the Taxes and Fees is critical to their continued and uninterrupted operations.  If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting such key personnel from the administration of these chapter 11 cases.  *See*, *e.g.*, *Schmehl v. Helton*, 662 S.E.2d 697, 707 (W. Va. 2008) (noting that corporate officers may be held responsible for payment of certain corporate taxes); *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding director personally liable for unpaid taxes) (citing *United States v. Energy Res. Co.*, 495 U.S. 545, 547 (1990)). Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest.  The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued

operations and essential to the orderly administration and, ultimately, the success of these chapter 11 cases.

18.     Furthermore, the Debtors' liability to pay the Taxes and Fees may ultimately result in increased tax liability for the Debtors if interest and penalties accrue on the Tax and Fee claims. Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders. As noted above, many of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8)(C) of the Bankruptcy Code.  As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied.  To the extent that the Debtors are not able to timely pay the prepetition Taxes and Fees, they may ultimately be required to pay those amounts with additional interest and penalties.  The Debtors' failure to pay the prepetition Taxes and Fees as they come due thus may ultimately increase the amount of priority claims held by the Authorities against the Debtors' estates to the detriment of the Debtors' general unsecured creditors and other stakeholders.  Accordingly, the Court should grant the Debtors authority to pay the prepetition Taxes and Fees as provided herein.

## Emergency Consideration

19.     Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring.  Accordingly, the Debtors submit that they have

satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

20.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Reservation of Rights

21.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to

11

contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

22.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) entities listed as holding the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) Credit Agricole Corporate and Investment Bank, 1301 Avenue of the Americas, New York, New York 10019, Attn: Ronald E. Spitzer, Kathleen Sweeney and Yuri Tsyganov, as proposed DIP LC Agent and as proposed DIP Collateral Agent (each as defined in the DIP Credit Agreement) under the DIP Credit Agreement, as Revolving Administrative Agent and as Collateral Agent (the "Revolving Administrative Agent") under that certain Superpriority Senior Secured Credit Agreement, dated as of October 21, 2019, and as Revolving and LC Administrative Agent and as Collateral Agent (the "Revolving and LC Administrative Agent") under that certain Credit Agreement, dated as of May 10, 2018; (d) Linklaters LLP, 1345 Avenue of the Americas, New York, New York 10105, Attn: Margot Schonholtz, Esq. and Penelope Jensen, Esq., counsel to the proposed DIP LC Agent, the proposed DIP Collateral Agent, the Revolving Administrative Agent and the Revolving and LC Administrative Agent; (e) Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002, Attn: William A. (Trey) Wood III, Esq., co-counsel to the proposed DIP LC Agent, the proposed DIP Collateral Agent, the Revolving Administrative Agent and the

Revolving and LC Administrative Agent; (f) the indenture trustee for each of the Debtors'
unsecured notes, and counsel thereto; (g) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th
Ave, New York, NY 10019, Attn: Andrew N. Rosenberg and Alice Belisle Eaton, and Brown
Rudnick LLP, 7 Times Square, New York, NY 10036, Attn: Robert J. Stark and Bennett S.
Silverberg, co-counsel to the Ad Hoc Group of Senior Noteholders; (h) Davis, Polk & Wardell
LLP 450 Lexington Ave, New York, NY 10017, Attn: Damian Schaible and Natasha Tsiouris,
counsel to the Ad Hoc Group of Term Lenders; (i) the United States Attorney's Office for the
Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and
Exchange Commission; (l) the Environmental Protection Agency and similar state environmental
agencies for states in which the Debtors conduct business; (m) the state attorneys general for states
in which the Debtors conduct business; (n) the Authorities; and (o) any party that has requested
notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the
relief requested, no other or further notice need be given.


[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
January 22, 2020

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      (713) 752-4200
Facsimile:      (713) 752-4221
Email:          mcavenaugh@jw.com
                jwertz@jw.com
                kpeguero@jw.com
                vpolnick@jw.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christopher T. Greco, P.C. (*pro hac vice* pending)
Anthony R. Grossi (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                christopher.greco@kirkland.com
                anthony.grossi@kirkland.com

-and-

James H.M. Sprayregen, P.C.
John R. Luze (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                john.luze@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

       I certify that on January 22, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

       */s/ Matthew D. Cavenaugh*
       Matthew D. Cavenaugh

**<u>EXHIBIT A</u>**

**Authorities**

**Authorities**

| Taxing Authority | Tax Type | Address |
|---|---|---|
| Aiken County Auditor, SC | Personal Property | 1930 University Pkwy., Ste. 2699, P.O. Box 94, Aiken, SC 29802 |
| Alabama Department of Revenue | Sales & Use | 50 N. Ripley St., Montgomery, AL 36104 |
| Allegheny (Cornell School), PA | Real Property | 1099 Maple St., Coraopolis, PA 15108 |
| Allegheny County, PA | Real Property | Room 108, Courthouse, 436 Grant St., Pittsburgh, PA 15219 |
| Anchorage Municipal Assessor, AK | Personal Property | 632 W. 6th Ave., Ste. 300, Anchorage, AK 99501 |
| Arkansas Dept. of Finance and Admin. | Sales & Use | P.O. Box 1272, Little Rock, AR 72203 |
| Ascension Parish Sales Tax Dept. | Sales & Use | 615 E. Worthey St., Gonzales, LA 70737 |
| Ascension Parish, LA | Real Property | 615 E. Worthey St., Gonzales, LA 70737 |
| Australian Taxation Office | Corporate Income | GPO Box 9990, Sydney, NSW, 2001, Australia |
| Australian Taxation Office | VAT/GST | GPO Box 9990, Sydney, NSW, 2001, Australia |
| Australian Taxation Office | Withholding | GPO Box 9990, Sydney, NSW, 2001, Australia |
| Avenu - Alabama | Sales & Use | P.O. Box 830725, Birmingham, AL 35283 |
| Batam and Jakarta Directorate General of Taxes | Withholding | Jalan Gatot Subroto, Kav. 40-42, Jakarta 12190, Indonesia |
| Batam Directorate General of Taxes | Deemed Profit | Jalan Gatot Subroto, Kav. 40-42, Jakarta 12190, Indonesia |
| Belastingdienst | Corporate Income | Tax and Customs Administration/Department of International Issues, Kloosterweg 22, P.O. Box 2865, 6401, DJ Heerlen, Netherlands |
| Belastingdienst | VAT/GST | Postbus 3070, 6401 DN Heerlen, Netherlands |
| Board of Inland Revenue | VAT/GST | Ajax St., Port of Spain, Trinidad & Tobago |
| Brazoria County Appraiser, TX | Personal Property | 500 N. Chenango St., Angleton, TX 77515 |
| Buncombe County Assessor, NC | Personal Property | 94 Coxe Ave., Asheville, NC 28801 |
| Bureau of Internal Revenue | VAT/GST | Room 803, 8th Floor National Office Bldg. Diliman QC, Philippines |
| Burke County Assessor, GA | Personal Property | P.O. Box 46, Waynesboro, GA 30830 |
| Calcasieu Parish Assessor, LA | Personal Property | 1011 Lakeshore Dr., #101, Lake Charles, LA 70601 |
| Calcasieu Parish Sales Tax Dept. | Sales & Use | 2439 6th St., P.O. Drawer 2050, Lake Charles, LA, 70602 |

| Taxing Authority | Tax Type | Address |
|---|---|---|
| Cameron Parish Assessor, LA | Personal Property | 124 Recreation Center Ln., P.O. Box 1250, Cameron, LA 70631 |
| Canada Revenue Agency | Corporate Income | 333 Laurier Ave. W., Ottawa, ON K1A 0L9, Canada |
| Canada Revenue Agency | VAT/GST | 333 Laurier Ave. W., Ottawa, ON K1A 0L9, Canada |
| Canada Revenue Agency | Withholding | 333 Laurier Ave. W., Ottawa, ON K1A 0L9, Canada |
| Chesterfield County VA | Business Licenses | P.O. Box 124, Chesterfield, VA 23832 |
| City of Everett Business License | Business Licenses | 2930 Wetmore Ave., Ste. 1-A, Everett, WA 98201 |
| City of Everett, WA | Sales & Use | 2930 Wetmore Ave., Everett, WA 98201 |
| City of Seattle Business License | Business Licenses | 700 5th Ave., Ste. 5200, Seattle, WA 98104 |
| City of Tacoma Business License | Business Licenses | 747 Market St., Tacoma, WA 98402 |
| City of Tacoma, WA | Sales & Use | 747 Market St., Tacoma, WA 98402 |
| City of Williamsburg, VA | Business Licenses | 401 Lafayette St., Williamsburg, VA, 23185 |
| Comptroller of Maryland | Sales & Use | 80 Calvert St., P.O. Box 466, Annapolis, MD 21404 |
| Contra Costa County Assessor, CA | Personal Property | 2530 Arnold Dr., Ste. 100, Martinez, CA 94553 |
| Cypress-Fairbanks, TX | Personal Property | 10300 Jones Rd., Houston, TX 77065 |
| Dallas County, TX | Personal Property | 1201 Elm St., Ste. 2600, Dallas, TX 75270 |
| Davis County Assessor, UT | Personal Property | P.O. Box 618, Farmington, UT 84025 |
| Delaware Division of Revenue | Sales & Use | Carvel State Office Bldg., 820 N. French St., Wilmington, DE 19801 |
| Department of Inspection and Tax claims (DIT) | Corporate Income | Ahmed Al Jabir St., P.O. Box 900 Safat, 13009, Kuwait |
| Direccion de Impuestos y Aduanas Nacionales | VAT/GST | Nivel Central, carrera 8 N° 6C - 38 Edificio San Agustín, Bogotá, Colombia |
| Direccion de Impuestos y Aduanas Nacionales | Withholding | Nivel Central, carrera 8 N° 6C - 38 Edificio San Agustín, Bogotá, Colombia |
| Direccion General de Impuestos Internos | VAT/GST | Av. México #48, Gascue, Santo Domingo, República Dominicana, 10204, Dominican Republic |
| East Baton Rouge Parish Assessor, LA | Personal Property | 222 St. Louis St. # 238, Baton Rouge, LA 70802 |
| Everett, WA | Real Property | 2930 Wetmore Ave., Everett, WA 98201 |
| Fairfield County Auditor, SC | Personal Property | 101 S. Congress St., P.O. Box 88, Winnsboro, SC 29180 |

2

| Taxing Authority | Tax Type | Address |
|---|---|---|
| Federal Tax Authority (FTA) | VAT/GST | Central Park - Business Tower, Dubai, 9714, United Arab Emirates |
| Federal Tax Authority (FTA) | Withholding | Central Park - Business Tower, Dubai, 9714, United Arab Emirates |
| Finanční úřad pro Jihomoravský kraj, územní pracoviště Brno 1 | Corporate Income | Příkop 25, 604 23 Brno-střed, Czech Republic |
| Finanční úřad pro Jihomoravský kraj, územní pracoviště Brno 1 | VAT/GST | Příkop 25, 604 23 Brno-střed, Czech Republic |
| Florida Department of Revenue | Sales & Use | P.O. Box 6668, Tallahassee, FL 32314 |
| General Authority of Zakat & Tax (GAZT) | Corporate Income | Headquarter Riyadh, Prince Abdulrahman Bin Abdulaziz St., Riyadh 12628, Saudi Arabia |
| General Authority of Zakat & Tax (GAZT) | Customs/Duties | Headquarter Riyadh, Prince Abdulrahman Bin Abdulaziz St., Riyadh 12628, Saudi Arabia |
| General Authority of Zakat & Tax (GAZT) | Uncertain Tax Positions | Headquarter Riyadh, Prince Abdulrahman Bin Abdulaziz St., Riyadh 12628, Saudi Arabia |
| General Authority of Zakat & Tax (GAZT) | VAT/GST | Headquarter Riyadh, Prince Abdulrahman Bin Abdulaziz St., Riyadh 12628, Saudi Arabia |
| General Authority of Zakat & Tax (GAZT) | Withholding | Headquarter Riyadh, Prince Abdulrahman Bin Abdulaziz St., Riyadh 12628, Saudi Arabia |
| General Tax Authority (GTA) | Withholding | Al Corniche St., Doha, Qatar, 8G8C+XV Doha, Qatar |
| Georgia Department of Revenue | Sales & Use | 1800 Century Blvd., Atlanta, GA 30345 |
| Harris - La Porte City , TX | Real Property | 604 W. Fairmont Pkwy., La Porte, TX 77571 |
| Harris - LaPorte ISD , TX | Real Property | 1002 San Jacinto St., La Porte, TX 77571 |
| Harris - Sheldon ISD, TX | Real Property | 11411 C.E. King Pkwy., Houston, TX 77044 |
| Harris - Sheldon Rd MUD, TX | Real Property | 9419 Lamkin Rd., Houston, TX 77049 |
| Harris (Cypress ISD), TX | Real Property | 10300 Jones Rd., Houston, TX 77065 |
| Harris- City of Pasadena , TX | Real Property | 1149 Ellsworth Dr., Pasadena, TX 77506 |
| Harris County (LaPorte ISD), TX | Real Property | 1002 San Jacinto St., La Porte, TX 77571 |
| Harris County Appraiser, TX | Personal Property | 13013 Northwest Fwy., Houston, TX 77040 |
| Harris County, TX | Real Property | 1001 Preston St., Houston, TX 77002 |
| Harrison County , MS | Personal Property | 1801 23rd Ave. Gulfport, MS 39501 |
| Harrison County, MS | Real Property | 1801 23rd Ave. Gulfport, MS 39501 |
| HM Revenue & Customs | VAT/GST | Custom House Annexe, 20 Lower Thames St., Billingsgate, London EC3R 6EE, United Kingdom |

| Taxing Authority | Tax Type | Address |
|---|---|---|
| Iberville Parish Assessor, LA | Personal Property | P.O. Box 697, Plaquemine, LA 70765 |
| Iberville Parish Sales Tax Dept. | Sales & Use | Iberville Parish Courthouse, 58050 Meriam St., 2nd Floor, Plaquemine, LA 70764 |
| Idaho State Tax Commission | Sales & Use | P.O. Box 36, Boise, ID 83722 |
| Illinois Department of Revenue | Sales & Use | P.O. Box 19035, Springfield, IL 62794 |
| Income Tax Department | Corporate Income | Central Board of Direct Taxes, North Block, New Delhi-110002, India |
| Income Tax Department | VAT/GST | Centralized Processing Centre, Income Tax Department, Bengaluru 560500, India |
| Income Tax Department | Withholding | Central Board of Direct Taxes, North Block, New Delhi-110002, India |
| Inspectorate of the Federal Tax Service for Nizhegorodsky district city Nizhny Novgorod | VAT/GST | 52A Ilyinskaya Str., Nizhny Novgorod, Nizhny Novgorod region 603109, Russia |
| Interdistrict Inspectorate of the Federal Tax Service No. 4 for  St-Petrsburg | VAT/GST | Sadovaya str., 55/57, 190068, Sankt-Peterburg, Russia |
| Interdistrict Inspectorate of the Federal Tax Service No. 47 for Moscow | VAT/GST | Pokhodny Proezd, 3, Bldg. 1, 5th Floor, 125373, Moscow, Russia |
| Internal Revenue Service | Withholding | P.O. Box 7346, Philadelphia, PA 19101 |
| Iowa Department of Revenue | Sales & Use | Hoover State Office Bldg., 4th Floor, 1305 E. Walnut, Des Moines, IA 50319 |
| Ireland Revenue | Corporate Income | Collector General's Division, Sarsfield House, Francis St., Limerick V94 R972 |
| Jefferson County Appraiser, TX | Personal Property | P.O. Box 21337, Beaumont, TX 77720 |
| Jefferson County, TX | Real Property | P.O. Box 2112, Beaumont, TX 77704 |
| Kankakee County, IL | Real Property | 189 E. Court St., Kankakee, IL  60901 |
| Laurens County Auditor, SC | Personal Property | 100 Hillcrest Sq., Ste. F, P.O. Box 907, Laurens, SC 29360 |
| Laurens County, SC | Real Property | 100 Hillcrest Sq., Laurens, SC 29360 |
| Live Oak, TX | Real Property | 8001 Shin Oak Dr., Live Oak, TX 78233 |
| Livingston - City of Walker , LA | Real Property | 10136 Florida Blvd., P.O. Box 217, Walker, LA 70785 |
| Livingston Parish Sales Tax Dept. | Sales & Use | 20399 Government Blvd., Livingston, LA 70754 |
| Livingston Parish, LA | Real Property | 20399 Government Blvd., Livingston, LA 70754 |
| Louisiana Department of Revenue | Corporate Income | 617 North Third St., Baton Rouge, LA 70802 |

| Taxing Authority | Tax Type | Address |
|---|---|---|
| Louisiana Department of Revenue | Sales & Use | 617 N. Third St., Baton Rouge, LA 70802 |
| Marion - New Hope City, TN | Real Property | 2610 Hwy. 156, P.O. Box 168, S. Pittsburg, TN  37380 |
| Marion County, TN | Real Property | 1 Courthouse Sq., Ste. 105, P.O. Box 789, Jasper, TN 37347 |
| Maryland Dept. of Assessments & Taxation, MD | Personal Property | 301 W. Preston St., Baltimore, MD 21201 |
| Mecklenburg County Assessor, NC | Personal Property | P.O. Box 36819, Charlotte, NC 28236 |
| Michigan Department of Treasury | Sales & Use | Michigan Department of Treasury, Lansing, MI 48922 |
| Montgomery County Appraiser, TX | Personal Property | P.O. Box 2233, Conroe, TX 77305 |
| Morgan County Assessor, IN | Personal Property | 180 S. Main St., # 218, Martinsville, IN 46151 |
| Nebraska Department of Revenue | Sales & Use | P.O. Box 94818, Lincoln, NE 68509 |
| New York Department of Taxation | Sales & Use | ATTN: Office of Counsel, Bldg. 9, W A Harriman Campus, Albany NY 12227 |
| North Carolina Department of Revenue | Sales & Use | P.O. Box 871, Raleigh, NC 27602 |
| Nueces County Appraiser, TX | Personal Property | 201 N. Chaparral St., Corpus Christi, Texas 78401 |
| Ohio Department of Taxation | Sales & Use | 4485 Northland Ridge Blvd., Columbus, OH 43229 |
| Pennsylvania Department of Revenue | Sales & Use | P.O. Box 280905, Harrisburg, PA 17128 |
| Pierce County Assessor, WA | Personal Property | 930 Tacoma Avenue S., Tacoma, WA 98402 |
| Polk County, IA | Real Property | Polk County Administration Bldg., 111 Court Ave., Room 195, Des Moines, IA 50309 |
| Rancho Cucamonga | Business Licenses | 10500 Civic Center Dr., Rancho Cucamonga, CA 91730 |
| Receita Federal do Brasil | Customs/Duties | Avenida Limeira, 222, 13414-901 Piracicaba, Brazil |
| Receita Federal do Brasil | Withholding | Avenida Limeira, 222, 13414-901 Piracicaba, Brazil |
| Revenue Department | VAT/GST | 90, Soi Phahon Yothin 7, Phahon Yothin Rd., Sam Sen Nai, Phaya Thai, Bangkok 10400 Thailand |
| Revenue Department | Withholding | 90, Soi Phahon Yothin 7, Phahon Yothin Rd., Sam Sen Nai, Phaya Thai, Bangkok 10400 Thailand |
| Rhode Island Business License | Business Licenses | 1511 Pontiac Ave., Cranston, RI 02920 |
| Rhode Island Sales Tax Permit | Business Licenses | Rhode Island Division of Taxation, One Capitol Hill, Providence, RI 02908 |
| Richardson ISD, TX | Personal Property | 400 S. Greenville Ave., Richardson, TX 75081 |

| Taxing Authority | Tax Type | Address |
|---|---|---|
| Saint Charles Parish Assessor, LA | Personal Property | 15045 River Rd., Hahnville, LA 70057 |
| Saint Joseph County Assessor, IN | Personal Property | 227 W. Jefferson Blvd., 3rd Flr., County-City Bldg., South Bend, IN 46601 |
| Servicio de Administracion Tributaria | Corporate Income | Av. Hidalgo 77, Col. Guerrero, C.P. 06300, Ciudad de México, Mexico |
| Servicio de Administracion Tributaria | VAT/GST | Av. Hidalgo 77, Col. Guerrero, C.P. 06300, Ciudad de México, Mexico |
| Smith County Appraiser, TX | Personal Property | 245 SSE Loop 323, Tyler, TX 75702 |
| Smith County, TX | Real Property | 200 E. Ferguson St., Tyler, TX 75702 |
| Snohomish County Assessor, WA | Personal Property | 3000 Rockefeller Ave., Everett, WA 98201 |
| Spring Branch ISD, TX | Personal Property | 955 Campbell Rd., Houston, TX 77024 |
| St. Charles Parish Sales Tax Dept. | Sales & Use | St. Charles Parish Courthouse 3rd Floor, 15045 River Rd., P.O. Box 302, Hahnville, LA 70057 |
| State Revenue Committee of the Ministry of Finance | Corporate Income | 11 bld., Victory Avenue, 010000, Nur-Sultan, Kazakhstan |
| State Taxation Administration | Corporate Income | No. 5 West Yangfangdian Rd., Haidian District, Beijing, 100038, China |
| Tax Authority | Corporate Income | Muscat, Ruwi P.O. Box: 285, P.C. 100, Oman |
| Tax Authority for shareholding companies/ Personal income division | Customs/Duties | Ministry of Finance, 26 El Obour Bldgs., Salah Salem Rd., Cairo, Egypt |
| Texas Comptroller of Public Accounts | Sales & Use | Lyndon B. Johnson State Office Bldg., 111 E. 17th St., Austin, TX 78774 |
| Texas State Comptroller | Corporate Income | Lyndon B. Johnson State Office Bldg., 111 E. 17th St., Austin, Texas 78774 |
| Township of Neville, PA | Real Property | 5050 Grand Ave., Neville Island, PA 15225 |
| Union County, AR | Real Property | 101 N. Washington, Rm. 106, El Dorado, AK 71730 |
| Utah County, UT | Real Property | 100 E. Center St., Provo, UT 84606 |
| Virginia Tax | Sales & Use | Office of Customer Services, P.O. Box 1115, Richmond, VA 23218 |
| Wake County Assessor, NC | Personal Property | 301 S. McDowell St. Suite 3800, Raleigh NC 27601 |
| Washington Department of Revenue | Sales & Use | Treasury Management, P.O. Box 47464, Olympia, WA 98504 |
| West Virginia State Tax Department | Sales & Use | 1001 Lee St. E, Charleston, WV 25301 |
| Will County, IL | Real Property | 302 N. Chicago St., Joliet, IL 60432 |