ENTERED
01/23/2020

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MCDERMOTT INTERNATIONAL, INC., *et al.*,[1] | Case No. 20-30336 (DRJ) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No. 9** |

**ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to (a) pay certain prepetition wages, salaries, other compensation, and reimbursable expenses and (b) continue employee benefits programs in the ordinary course, including payment of certain prepetition obligations thereto, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

1 A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/McDermott. The location of Debtor McDermott International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 757 North Eldridge Parkway, Houston, Texas 77079.

2 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to continue to provide, and to pay any claims or obligations on account of the Employee Compensation and Benefits in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices and the terms of this Order.

3. If the Debtors do not confirm a chapter 11 plan on or by March 13, 2020, then the Debtors shall maintain a matrix/schedule of amounts paid pursuant to the Incentive Plans or the Severance Obligations, subject to the terms and conditions of this Order, including the following information: (a) the title of the claimant paid; (b) the amount of the payment to such claimant; (c) the total amount paid to the claimant to date; (d) the payment date; and (e) the purpose of such payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases monthly on the date it files its monthly operating report.

4. If the Debtors do not confirm a chapter 11 plan on or by March 13, 2020, the Debtors shall provide five (5) days' advance notice to the U.S. Trustee and any statutory

committee of (i) the title of the claimant, (ii) the amount of the payment to such claimant, (iii) the proposed payment date, and (iv) the program under which the award is to be made to non-insiders under the Incentive Plans or the Severance Obligations in excess of (i) $100,000 in the aggregate in any calendar month or (ii) $50,000 to any individual.

5. The Debtors shall provide a monthly notice to the U.S. Trustee and any statutory committee of any material changes to Employee Compensation and Benefits or of any new programs, policies, and benefits.

6. The Debtors shall not make any bonus, incentive, or severance payments to any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court.

7. The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit: (a) current and former employees to proceed with their claims (whether arising prior to or subsequent to the Petition Date) under the Workers' Compensation Program[3] in the appropriate judicial or administrative forum; (b) the Debtors to continue the Workers' Compensation Program and pay all amounts relating thereto in the ordinary course of business; (c) insurers and third party administrators to handle, administer, defend, settle, and/or pay workers' compensation claims and direct action claims; and (d) insurers and third party administrators providing coverage for any workers' compensation claims or direct action claims to draw on any and all collateral provided by or on behalf of the Debtors therefor without further order of the Bankruptcy Court if and when the Debtors fail to pay and/or reimburse any insurers and third party administrators for any amounts in relation thereto. This modification of the

[3] For the avoidance of doubt, the term Workers' Compensation Program shall include all workers' compensation insurance policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements related thereto

automatic stay pertains solely to direct action claims and claims under the Workers' Compensation Program and any such workers' compensation claims must be pursued in accordance with the applicable Workers' Compensation Program.

8. Nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Program; (b) relieves the Debtors of any of their obligations under the Workers' Compensation Program; (c) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under the Workers' Compensation Program; or (d) creates a direct right of action against any insurers or third party administrators where such right of action does not already exist under non-bankruptcy law.

9. The Debtors are authorized to forward any unpaid amounts on account of Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

10. The Debtors are authorized to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

11. The Debtors shall not make any payments on account of any Severance Obligations arising after the Petition Date in violation of section 503(c) of the Bankruptcy Code.

12. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

13. The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the

Debtors' designation of any particular check or electronic fund transfer requests as approved by this Order.

14. Notwithstanding the relief granted in this Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and any budget or cash flow forecasts in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget or cash flow forecasts in connection therewith (in either case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control. For the avoidance of doubt, the Debtors are not authorized to make any payments pursuant to this Order to, or on behalf of, a non-debtor affiliate except as permitted by the Approved Budget (as defined in the DIP Order).

15. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of

the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

16. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits obligations.

17. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

18. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: January 23, 2020.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**