IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> MCDERMOTT INTERNATIONAL, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-30336 (DJR) <br><br> (Jointly Administered) <br><br> Re: Docket No. 121 |

### B.F.E. S.R.L.'S LIMITED OBJECTION TO CONFIRMATION OF THE AMENDED JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF MCDERMOTT INTERNATIONAL, INC. AND ITS DEBTOR AFFILIATES

B.F.E. S.r.l. ("BFE") by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the *Amended Joint Prepackaged Chapter 11 Plan of Reorganization of McDermott International, Inc. and its Debtor Affiliates* [Docket No. 121] (the "Plan").[2] In support of the Limited Objection, BFE respectfully states as follows:

### PRELIMINARY STATEMENT

BFE is supportive of the Debtors' stated desire to confirm a chapter 11 plan under which the Debtors would pay all of their creditors in full, assume all or virtually all of their Executory Contracts, and otherwise preserve the rights and claims of their contract counterparties. As such, BFE files this Limited Objection solely to protect its contractual rights and its rights under the Bankruptcy Code. While the Debtors acknowledge in the Plan that they must pay all Cure amounts to assume any Executory Contracts—including their executory contracts with BFE—the Plan, as written, fails to account for otherwise valid and enforceable

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/McDermott. The location of Debtor McDermott International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 757 North Eldridge Parkway, Houston, Texas 77079.

#57122175 v3
999999.028/3493574.1

amounts owing under Executory Contracts that may arise prior to the Plan Effective Date, but are not technically "cure" amounts under the Bankruptcy Code because they are claims that are not in default as of Plan Effective Date (the date under the Plan that Executory Contracts or Unexpired Leases will be assumed and, hereafter the "Assumption Date"). Such claims include amounts that have been invoiced but are not overdue as of the Assumption Date and amounts that have accrued, but have not been invoiced, as of the Assumption Date (collectively, "Accruals"). Further, read literally, the Plan grants the Debtors and the Reorganized Debtors a release for claims arising under assumed Executory Contracts upon the assumption of those contracts, without conditioning such releases on the payment of Cure amounts and Accruals. As such, BFE files this Limited Objection to address these important issues that the Debtors likely did not intend to create through their Plan and which BFE believes can be addressed through the insertion of appropriate language in a confirmation order.

## RELEVANT BACKGROUND

1. As of the Petition Date, the Debtors and BFE were parties to several long-term purchase order agreements (the "BFE Contracts") for the provision of, among other things, certain industrial parts and goods. As of the date of filing this limited objection, the Debtors' outstanding pre-petition balance under the BFE Contracts is no less than €1,997,145.36. Following the Petition Date, BFE has continued to perform under the BFE Contracts, leading to further post-petition amounts due under the BFE Contracts.

2. On the Petition Date, the Debtors filed the Plan.

---

(continued...)

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

3. On January 23, 2020, the Court entered its *Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (III) Approving the Form and Manner of Notice of Commencement, (IV) Approving the Rights Offering Procedures and Related Materials, (V) Waiving the Requirement that the U.S. Trustee Convene a Meeting of Creditors, (VI) Waiving the Requirement that the Debtors File Schedules and Statements, (IX) Approving the Form and Manner of Notice of Bid Deadlines and an Auction, and (VII) Granting Related Relief* [Docket No. 160], which, among other things, set a hearing on confirmation of the Plan for March 12, 2020 at 9:00 a.m. (CT) and an objection deadline for objections to Plan confirmation for March 2, 2020 at 4:00 p.m. (CT).

4. Under the Plan, all Executory Contracts that have not been rejected by the Debtors as of Effective Date will be deemed to be assumed. As of the date hereof, the Debtors have not rejected any of the BFE Contracts (*see* Plan, at Art. V(A)), and, upon information and belief, the BFE Contracts and the goods supplied thereunder are important to the Debtors' ongoing operations and businesses.

## LIMITED OBJECTION

5. The Plan is objectionable, in part, because it does not provide all of the necessary protections granted by section 365 of the Bankruptcy Code to parties whose contracts will be assumed by the Debtors.

6. It is well-settled that, where a debtor-in-possession elects to assume an executory contract under section 365 of the Bankruptcy Code, it assumes the contract *cum onere*; that is, the Debtors may only assume the entire contract, with all of the benefits, burdens and obligations attendant thereto. *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531-32 (1984) (holding that, "[s]hould the debtor-in-possession elect to assume the executory contract, however, it assumes

the contract *cum onere* . . . and the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate"); *In re Klein Sleep Products, Inc.*, 78 F.3d 18, 24 (2d Cir. 1996) (same); *AGV Prod., Inc. v. Metro-Goldwyn-Mayer, Inc.*, 115 F. Supp. 2d 378, 391 (S.D.N.Y. 2000) (holding that, "[i]f an executory contract is assumed, it is said to be assumed *cum onere*, with all of its benefits and burdens").

7. Moreover, in addition to requiring, as a condition of assumption, that a debtor provide a prompt cure for all monetary defaults thereunder, section 365(b)(1)(C) of the Bankruptcy Code requires adequate assurance of future performance under such contract. *See* 11 U.S.C. § 365(b)(1)(A)-(C).

8. As such, under the Bankruptcy Code, the Plan ***must*** provide for assumption of (and adequate assurance of payment for) ***all obligations*** under assumed Executory Contracts and Unexpired Leases as of the Assumption Date—not just cure amounts.

9. The Plan provides that, subject to the resolution of any dispute regarding assumption, any Cure with respect an Executory Contract or Unexpired Lease to be assumed shall be handled as follows:

> The Debtors or the Reorganized Debtors, as applicable, shall pay the Cure amounts, if any, on the Effective Date or as soon as reasonably practicable thereafter, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may agree.

*Id.,* at Art. V(C).

10. The Plan defines "Cure" to mean:

> . . . all amounts, including an amount of $0.00, required to cure any monetary defaults under any Executory Contract or Unexpired Lease (or such lesser amount as may be agreed upon by the parties under an Executory Contract or Unexpired

#57122175 v3
999999.028/3493574.1

>Lease) that is to be assumed by the Debtors pursuant to sections 365 or 1123 of the Bankruptcy Code.

*Id.,* at Art. I(A).

11. In addition to pre- and post-petition monetary defaults that exist under Executory Contracts, the Debtors are (or will become) contractually liable for Accruals. While Accruals are not technically <u>Cure amounts</u> (because such obligations are not in default), they are, nonetheless, valid claims arising prior to the Assumption Date and must be paid as and when they come due pursuant to section 365 of the Bankruptcy Code.

12. In sum, the Code demands that all Cures (including cures of post-petition defaults) must be paid and that all Accruals must be satisfied as and when such obligations come due. However, the Plan appears to do exactly the opposite—providing for a release of claims upon the assumption of an Executory Contract or Unexpired Lease without providing for the payment of Accruals (and, arguably without even providing for the payment of Cures), stating as follows:

>Assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or any bankruptcy-related defaults, arising at any time prior to the effective date of assumption.

*Id.*, at Art. V(C). Any Order confirming the Plan should make clear that, notwithstanding such language of the Plan, any release is only effective upon payment in full of all Cure amounts and Accruals to the non-debtor counterparties to assumed Executory Contracts or Unexpired Leases. In short, the Bankruptcy Code's guarantee of adequate assurance of future performance demands that non-debtor parties to the Debtors' Executory Contracts or Unexpired Leases are not "left holding the bag" for Cures arising from pre- and post-petition defaults and Accruals

existing at the time such agreements are assumed—the Plan and confirmation order should clearly provide that these obligations will be assumed and paid in full by the Debtors or the Reorganized Debtors (as the case may be).

## CONCLUSION

WHEREFORE, BFE respectfully requests that the Court (i) condition the confirmation of the Debtors' Plan upon the inclusion of language in any Order confirming or approving the Plan that expressly provides that, notwithstanding anything in the Plan to the contrary, non-debtor counterparties to Executory Contract or Unexpired Lease shall be entitled to payment in full on any and all Cure amounts (for both pre- and post-petition Defaults) and Accruals as of the Assumption Date of each such agreement, and such Accruals shall be paid as and when they come due in the ordinary course of business; and (ii) grant such other and further relief as is just and appropriate.

Dated: March 2, 2020

/s/*Michael J. Durrschmidt*
Michael J. Durrschmidt (Bar No. 06287650)
**HIRSCH & WESTHEIMER, P.C.**
1415 Louisiana Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 223-5181
E-mail: mdurrschmidt@hirschwest.com

-and-

OF COUNSEL

Henry J. Jaffe
**PEPPER HAMILTON LLP**
1313 N. Market Street, Suite 5100
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
E-mail: jaffeh@pepperlaw.com
(Pro Hac Vice Pending)

*Counsel for B.F.E. S.r.l.*

CERTIFICATE OF SERVICE

      I, Michael J. Durrschmidt, hereby certify that on the 2nd day of March, 2020, a copy of the foregoing Objection was served via first class mail, postage prepaid, electronic mail and/or via the Clerk of the Court through the ECF system.

Joshua A. Sussberg
Christopher T. Greco
Anthony R. Grossi
John R. Luze
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Joshua.sussberg@kirkland.com
Christopher.greco@kirkland.com
Anthony.grossi@kirkland.com
John.luze@kirkland.com

*Counsel to the Debtors*

Matthew D. Cavenaugh
Jackson Walker LLP
1401 McKinney Street
Houston, Texas 77010
mcavenaugh@jw.com

*Co-counsel to the Debtors*

Margot Schonholtz
Penelope Jensen
Linklaters LLP
1345 Avenue of the Americas
New York, New York 10105
Margot.schonholtz@linklaters.com
Penelope.jensen@linklaters.com

*Counsel to the Proposed DIP LC Agent, the Proposed DIP Collateral Agent, the Revolving Administrative Agent and the Revolving and LC Administrative Agent*

Damian S. Schaible
Natasha Tsiouris
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
Damian.schaible@davispolk.com
Natasha.tsiouris@davispolk.com

*Counsel to Consenting Term and Superpriority Term Lenders*

Hector Duran
Office of the United States Trustee
for the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, Texas 77002
Hector.duran.jr@usdoj.gov

*The United States Trustee*

Melissa Alwang
Latham & Watkins LLP
855 Third Avenue
New York, New York 10022
Melissa.alwang@lw.com

*Counsel to Consenting 2021 LC Lenders*

| | |
|---|---|
| Andrew N. Rosenberg<br>Alice Belisle Eaton<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 6th Avenue<br>New York, New York 10019<br>arosenberg@paulweiss.com<br>aeaton@paulweiss.com<br><br>***Co-counsel to the Ad Hoc Group of Senior Noteholders*** | Robert J. Stark<br>Bennett S. Silverberg<br>Brown Rudnick LLP<br>7 Times Square<br>New York, New York 10036<br>rstark@brownrudnick.com<br>bsilverberg@brownrudnick.com<br><br>***Co-counsel to the Ad Hoc Group of Senior Noteholders*** |
| | /s/  Michael J. Durrschmidt<br>Michael J. Durrschmidt |

#57122175 v3
999999.028/3493574.1