**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) )  **Chapter 11** |
| **MCDERMOTT INTERNATIONAL, INC.,** *et al.,*[1] | )  **Case No. 20-30336 (DRJ)** |
| Debtors. | ) )  **(Jointly Administered)** |
| | )  **(Emergency Relief Requested)** |

**EMERGENCY MOTION FOR MICHAEL VAN DEELEN**
**TO APPEAR AND SHOW CAUSE WHY HE SHOULD NOT BE**
**HELD IN CONTEMPT OF COURT AND PROHIBITED FROM FURTHER**
**CONTACT WITH THE DEBTORS, THEIR OFFICERS, OR THEIR COUNSEL**

> **Emergency relief has been requested.  A hearing will be conducted on this matter on __TBD__ at __TBD__ in Courtroom 400, 4th Floor, 515 Rusk, Houston, TX 77002.  If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing.  Otherwise the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Relief is requested not later than March 20, 2020.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1.        Michael Van Deelen has been engaging in harassing and abusive behavior towards a former officer of the Debtors and towards counsel for the Debtors.  From showing up at Stuart Spence's home and rattling Mr. Spence's wife, to vulgar remarks both inside and outside the courtroom on March 12, 2020, Mr. Van Deelen's behavior is disgusting and should not be tolerated.  Mr. Van Deelen is upset about the equity holders' treatment in the Debtors' plan of

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/McDermott.  The location of Debtor McDermott International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 757 North Eldridge Parkway, Houston, Texas 77079.

reorganization.    That does not, however excuse his vulgar and threatening behavior towards individuals doing their jobs who are complying with the law, or their families.  The Debtors ask this Court to order Mr. Van Deelen to appear and show cause why he should not be held in contempt and be prohibited from further direct contact with the Debtors, their current or former officers, directors, and employees, and their counsel or other professionals and their families, and any other measures that this Court sees fit to impose to ensure a civil and professional proceeding.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of an order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and the Court's inherent authority as set forth in *Chambers v. NASCO*, 501 U.S. 32 (1991).

5.      On January 21, 2020 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description surrounding the facts and circumstances of these chapter 11 cases (the "Cases") is set forth in the *Declaration of David Dickson, President and Chief Executive Officer of McDermott International, Inc., in Support of the Chapter 11 Petitions* (the "Dickson Declaration") and the *Declaration of John R. Castellano, Chief Transformation Officer of McDermott International, Inc., in Support of the Debtors' First*

*Day Motions* (the "Castellano Declaration," together with the Dickson Declaration, the "First Day Declarations"), filed on January 22, 2020, and incorporated by reference herein.

**Background**

6.      Mr. Van Deelen is a self-described party-in-interest who filed numerous pleadings in these Cases including:

- Letter/Motion to Intervene and Access to Filing System [Docket No. 253]

- Motion for Appointment of Trustee or Examiner and the Earliest Possible Hearing Date [Docket No. 436]

- Motion to Appoint Trustee [Docket No. 441]

- Objection to Confirmation of Plan [Docket No. 510]

- Exhibit and Witness List [Docket No. 511]

- Notice of Expert Report [Docket No. 527]

- Expedited Motion for an Order Continuing the March 12, 2020 Plan Hearing [Docket No. 557]

7.      On March 12, 2020, the Court conducted a hearing on confirmation of the Debtors' plan of reorganization (the "March 12th Hearing").  During and after that hearing, Mr. Van Deelen made certain threatening and vulgar remarks to Joshua Sussberg ("Mr. Sussberg"), counsel for the Debtors.  The undersigned apologizes to the Court in advance for the nature of the language which follows.  During the hearing, Mr. Van Deelen can be heard on the audio recording calling the Court a "son of a bitch." (AUDIO CLIP, March 12, 2020 Hearing, 3:19:29-3:21:20).[2]  After conclusion of the March 12th Hearing, Mr. Van Deelen waited for Mr. Sussberg outside of the restroom and

---

[2]      This audio clip is an excerpt the Audio File attached to Docket No. 557 and available with a transcription of the interaction as well as the audio at the following link: https://youtu.be/XkyjeEEAklI.

called him a "pasty white fuck" and said "I'll have my way with your wife."  Attached as **Exhibit A** is the affidavit of Joshua A. Sussberg, who witnessed and heard the out-of-court statements by Mr. Van Deelen (the "Sussberg Affidavit").

8.     Ordinarily, counsel would simply turn the other cheek to such remarks.  However, Mr. Van Deelen also appeared unannounced at the home of Stuart Spence ("Mr. Spence"), former Chief Financial Officer of McDermott International, Inc.   Mr. Spence was on a conference call at the time and Mr. Spence's wife answered the door and was rattled by her interaction with Mr. Van Deelen.  Mr. Spence's affidavit describing this encounter is attached hereto as **Exhibit B** (the "Spence Affidavit").  Below is a photograph from Mr. Spence's doorbell camera.



*See* Exhibit 1 to the Spence Affidavit.  Appearing on Mr. Spence's doorstep is harassing and borders on stalking.

9.     In addition to these in-person interactions, Mr. Van Deelen has also sent an email to Mr. Sussberg asking him to confirm their seating positions during the March 12th Hearing:

**From:** Michael Van Deelen <michaelvandeelen@gmail.com>
**Date:** March 13, 2020 at 4:36:33 PM EDT
**To:** "Sussberg, Josh" <jsussberg@kirkland.com>
**Subject: [EXT] March 12, 2020, Plan Confirmation Hearing for Debtor McDermott International (case number 20-30336)**

Mr. Sussberg:

I was at the above hearing and represented myself as a Party In Interest who opposed the plan confirmation. You sat across the gap between the two conference tables at approximately arms length from me.  If you deny this, please forward said denial to me at your earliest convenience, but no later than 5:00 C.S.T. on Wednesday, March 18, 2020.

I recognize you from your picture on the Kirkland & Ellis website which is where I obtained your email address.

Regards,

Michael Van Deelen

*See* Exhibit 1 to the Sussberg Affidavit.  While facially a fairly innocuous inquiry, given Mr. Van Deelen's pleadings and behavior in these Cases, the email takes on a different and unsettling color.

10.     Mr. Van Deelen has a history of sanctionable behavior.  In 2006, Mr. Van Deelen filed suit against the City of Kansas City, Missouri to determine the constitutionality of an employment-related residency policy.  *Michal Van Deelen v. City of Kansas City, Missouri*, 2006 WL 2077640 (W.D. Mo. 2006).  The District Court upheld a prior sanctions order against Mr. Van Deelen finding that "Van Deelen failed to comply with general rules governing proper courtroom decorum and respect for the Court and the judicial proceedings which he had initiated.  Throughout the trial Van Deelen repeatedly interrupted and argued with the Judge, counsel for the City and numerous witnesses.  Van Deelen presented a voluminous amount of cumulative and irrelevant evidence wasting valuable judicial resources.  His flippant and disrespectful remarks impeded the efficient resolution of his constitutional claims.  Additionally, and perhaps most offensive, Van

Deelen fabricated evidence to support his claims.  *Van Deelen v. City of Kansas City, Missouri*, 2006 WL 2077640 at *1 (W.D. Mo. 2006).

11.     This behavior is not new or different for Mr. Van Deelen.  Mr. Van Deelen's behavior is intended to threaten, harass and intimidate these individuals and their families.  His participation in this case should be limited to the protection of his interest as an alleged former shareholder of the Debtors.

<u>**Argument**</u>

12.     Section 105(a) of the Bankruptcy Code permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13.     While Mr. Van Deelen's offensive conduct has been in-person rather than within a pleading, the Court still has the power to sanction and regulate such conduct.  "[A] federal court's inherent power to sanction bad faith conduct serves the dual purpose of covering the gaps where there are no applicable rules and also covering situation where 'neither the statute nor the Rules are up to the task.'"  *In re Cochener*, 360 B.R. 542, 569 (Bankr. S.D. Tex. 2007) (quoting *Chambers v. NASCO*, 501 U.S. 32, 50 (1991)).

14.     The Fifth Circuit has affirmed the bankruptcy court's power to issue sanctions under section 105 of the Bankruptcy Code, *see e.g. Placid Ref. Co. v. Terrebonne Fuel & Lube*, 108 F.3d 609 (5th Cir. 21997); and *Mooney v. Green Tree Serv., Inc.*, 340 B.R. 351 (Bankr. E.D. Tex. 2006).

15.     The Debtors understand Mr. Van Deelen's displeasure with the fact that the equity holders will not receive a distribution in this case.  The Debtors also believe that all parties to a case, even those out of the money, deserve to be treated with dignity and are entitled to due process

under the law.  Mr. Van Deelen has been treated with respect and was afforded that process. Regardless, Mr. Van Deelen's conduct, at absolute minimum, rises to the level of bad faith.  His conduct threatens violence against parties in the case and their families and is sanctionable under the Court's inherent power under section 105 of the Bankruptcy Code and pursuant to the Supreme Court's holding in *Chambers*.

## Prayer for Relief

16.     The Debtors ask this Court to order Mr. Van Deelen to appear and show cause why he should not be held in contempt of court and prohibited from further contact with the debtors, their current or former officers, directors, and employees, their counsel or other professionals and their families.

17.     The Debtors ask the Court to prohibit Mr. Van Deelen from contacting the Debtors, their current officers, directors, or employees, their counsel or other professionals, or any of their families in person or via telephone or electronic forms of communication and ask that this Court limit Mr. Van Deelen's contact to any such party to filings on the docket in these Cases.

## Emergency Consideration

18.     Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion.  Mr. Van Deelen has threatened physical violence against family members of counsel in these cases.  Mr. Van Deelen's conduct is continuing and unlikely to cease absent Court intervention.

## Notice

19.     The Debtors will provide notice of this motion to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the United States Attorney's Office for the Southern District of Texas; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The

Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the an order for Mr. Van Deelen to appear and show cause why he should not be held in contempt of court and prohibited or enjoined from contacting the Debtors, their current and former officers, directors, and employees, and their counsel and other professionals except for through pleading on this docket and for any other relief to which the Debtors are justly entitled.

Houston, Texas
March 17, 2020

/s/ Matthew Cavenaugh

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      (713) 752-4200
Facsimile:      (713) 752-4221
Email:          mcavenaugh@jw.com
                jwertz@jw.com
                kpeguero@jw.com
                vpolnick@jw.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Anthony R. Grossi (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                christopher.greco@kirkland.com
                anthony.grossi@kirkland.com

-and-

James H.M. Sprayregen, P.C.
John R. Luze (admitted *pro hac* vice)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                john.luze@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on March 17, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh
