

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-30336 |
| MCDERMOTT INTERNATIONAL, INC., *et al.*, | § | CHAPTER 11 |
| | § | (Jointly Administered) |
| | § | |
| Debtors. | § | DAVID R. JONES |

## ORDER
(Docket No. 694)

The Court has reviewed the Emergency Motion for Michael Van Deelen to Appear and Show Cause Why He Should Not be Held in Contempt and Prohibited from Further Contact with the Debtors, their Officers, or their Counsel [Docket No. 694]. The Court has also reviewed Mr. Van Deelen's response to the motion [Docket No. 701]. Since the filing of the motion, the Court is aware that Mr. Van Deelen came back to the courthouse to file a complaint against Debtors' counsel on the basis of an alleged threat made at or after the confirmation hearing in this case[1]. In addition, the Court has reviewed Mr. Van Deelen's conduct in other hearings before the Court in this case.

The focus of the emergency motion surrounds the recent confirmation hearing held in this case on March 12, 2020. During the hearing, Mr. Van Deelen is alleged to have made certain disparaging remarks about the Court as well as threats toward Debtors' counsel. Mr. Van Deelen denies that he made any disparaging remarks toward the Court and asserts that any threats toward counsel were made outside the courtroom and therefore outside the Court's jurisdiction. Mr. Van Deelen further asserts that he made no such threats.

In the movants' motion, it is alleged that Mr. Van Deelen called the Court a "son of a bitch." Mr. Van Deelen denies that he made any such remark and that he was "sitting just a few feet from the Court during the hearing . . . [and] [i]f Van Deelen would have called the Court a "son of a bitch", the Court would certainly have heard him do so." Mr. Van Deelen's denial is set forth in his sworn affidavit attached to his response [Docket No. 701]. Unfortunately for Mr. Van Deelen, the Court's staff did hear Mr. Van Deelen's statement and immediately reported it to chambers. Moreover, although Mr. Van Deelen was facing away from the microphones located on counsel table, Mr. Van Deelen's statement is audible on the original audio with headphones. While the Court was willing to overlook the insult, it cannot overlook a false statement.

The motion goes on to allege that Mr. Van Deelen made vulgar and threatening comments to Mr. Sussberg and his family. Mr. Van Deelen denies under oath that any such comments were made. Given that Mr. Van Deelen has demonstrated the propensity to make

---

[1] When the courthouse security officer offered to take the complaint, Mr. Van Deelen declined to make an official report and left the building.

false statements under oath, the Court has grave concerns about Mr. Van Deelen's affidavit and gives it little weight under the circumstances. Moreover, given Mr. Deelen's prior conduct before the Court and reference to "shooting" during the confirmation hearing, the Court has concerns about Mr. Van Deelen's mental stability. The Court concludes that Mr. Van Deelen poses a legitimate risk to the safety of courthouse staff and litigants that oppose his position.

Mr. Van Deelen goes to great length to assert that the Court cannot sanction him for his conduct outside the courtroom and that no court order has been entered that he violated. Mr. Van Deelen is correct in that statement. However, the Court has the authority and the duty to protect those parties that appear before it. Further, the Court has a duty to ensure that the federal courthouse is a place of safety and order for all persons who enter. Accordingly, it is

**ORDERED THAT**:

1. Michael D. Van Deelen is prohibited from contacting the Court and its staff by any means. Any communication to the Court or its staff must be made in writing and filed with the Clerk of the Court.

2. Michael D. Van Deelen is prohibited from contacting Joshua Sussberg or any member of his family in any manner. Should Mr. Sussberg find it necessary to seek the assistance of law enforcement officials to protect his family and enforce this order, the Court requests that upon presentation of a copy of this order and a determination that a violation of this paragraph has occurred, such law enforcement officials should detain Mr. Van Deelen and transfer him to this Court for further proceedings.

3. A copy of this Order shall be delivered to the United States Marshal for further investigation of Mr. Van Deelen's conduct. Further, Mr. Van Deelen may not enter the federal courthouse except with the escort of a court security officer.

4. A copy of this Order shall be delivered to the United States Attorney for investigation of Mr. Van Deelen's conduct in this case.

5. The request for sanctions is denied.

6. Should Mr. Van Deelen wish to seek relief from this order or request a hearing, he may do so by pleading filed within fourteen days.

7. This order is effective upon entry.

**SIGNED: March 23, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**